The court will not grant a *mandamus* to the trustees of an incorporated church, to restore the prosecutor to the possession of a pew to which he claims title, inasmuch as he has another remedy by an action on the case against the person disturbing him.

## The Commonwealth *against* ROSSETER and others, Trustees of St. Mary's Church.

IN this case *Heatley*, upon the following affidavit, obtained a rule to shew cause why a *mandamus* should not issue to the defendants, to restore *James Corkrin* to the possession of a pew in *St. Mary's* church.

" *James Corkrin* being duly sworn &c. doth depose, that
" for the space of nearly twenty-five years he was in the
" peaceable possession of the pew No. 55, in *St. Mary's*
" church, for which the accustomed rent was paid up until
" the month of *August* 1808, when he and his family were
" dispossessed of said pew, by the order of the abovenamed
" trustees, by Mr. *Joseph Snyder*, styling himself secretary
" to the trustees of *St. Mary's* church, and have since sold
" or disposed of said pew to a certain Mr. *Amos Holahan.*
" By reason of which, this deponent and his family are de-
" prived of a situation, which they have been long accus-
" tomed to enjoy, and proper for the performance of their
" religious duties, said church being an incorporated society,
" and every pewholder under the act of incorporation consi-
" dered a freeholder."

*Hopkinson* for the defendants shewed cause. This is not a case in which a *mandamus* should go, because the prosecutor has another specific remedy. Take it first according to the affidavit, that he has a freehold in the pew. There is no instance in which a *mandamus* has issued to give possession of a corporeal freehold. If he has merely a possessory right by lease from the corporation, he may maintain an ejectment, which is a remedy completely specific. But if he has a right which is not sufficient to maintain an ejectment, as is the case generally in *England*, where the possession of the church is in the parson, and therefore trespass will not lie by a pewholder, he has a remedy by action on the case against the person who disturbs him. There is no doubt that such an action may be maintained, and that it is the mode of

redress exclusively adopted in *England. Francis* v. *Ley* (a), *Dawney* v. *Dee and others* (b), *Kenrick* v. *Taylor* (c), and *Stocks* v. *Booth* (d) are all to the point. If a *mandamus* should be granted in a case like this, there is no instance where title is in dispute, in which it might not be granted with equal propriety.

*Heatley* for the prosecutor. To deprive a pewholder in *St. Mary's* of a pew, is a kind of minor excommunication; it takes away his rights as a member of the corporation. Act of Incorporation, 13th *September* 1788. And therefore a *mandamus* to restore him to his pew, is in effect to restore him to his membership. If he brings an ejectment, he asserts by the action that he is still a member of the corporation; and then he defeats his action, because as a corporator, he cannot maintain an action against the corporation. The action on the case for a disturbance, though often used, is not a specific remedy, because it gives the party damages and not possession; and therefore the common principle on which the *mandamus* is justified, applies here. A *mandamus* lies to restore a party to his stall in the choir of a church, which is an analogous case. *The King* v. *The Dean and Chapter of Dublin* (e). So to restore a curate to a chapel. *The King* v. *Blooer* (f), *Bull. N. P.* 200.

The cause being argued on the last day of *December* term 1809, was held under advisement until this day.

TILGHMAN C. J. This case arises on a rule on the defendants to shew cause why a *mandamus* should not issue, commanding them to restore *James Corkrin*, to the possession of a pew in *St. Mary's* church.

A *mandamus* is a remedy of a special nature, resorted to where a man has no other specific mode of relief. The complainant has not shewn a case of that kind. He says he has title to the pew in question. If so, he has a specific remedy by an action at common law against the person who disturbs him in the enjoyment of his pew. These actions have been very common both in ancient and modern times. Four cases

were cited, of actions on the case for distur ance of this nature. *Cro. Jac.* 366. *Id.* 605., 1 *Wils.* 326., 1 *D. & E.* 428. I have examined these cases, and in not one of them was there the least doubt of the action being maintainable, provided the plaintiff proved his right. Writs of *mandamus*, not being so convenient for the trial of title, as the usual common law actions, are not to be unnecessarily multiplied. I am there-fore of opinion that the rule should be discharged.

YEATES J. To found an application for a *mandamus*, the established rule of law is, that there ought in all cases to be a specific legal right, as well as the want of a specific legal remedy (*a*). The courts of justice uniformly refuse such ap-plications, where the party has another complete remedy (*b*), unless, as it is said in some cases, the remedy be extremely tedious (*c*). It is evident that it would be highly inconve-nient to try civil rights in this mode of procedure, when the party may institute a suit in the ordinary legal course, and if injured, obtain a complete satisfaction measured out to him by a jury, equivalent to a specific relief.

It is an insuperable obstacle to this application, that the law has provided for Mr. *Corkrin* an adequate remedy, if he has been injured in the possession of a pew in the church, to which he is entitled. Numerous authorities in our books shew, that the title to a seat in a church, is properly triable at common law by action on the case. And it cannot be ob-jected against the present applicant, that he is a member of the corporation of *St. Mary's* church, because the character of corporator does not devest him of his ability to maintain his action for an injury done to his civil rights. It is clear to me that the present rule must be discharged.

BRACKENRIDGE J. was of the same opinion.

Rule discharged.

