| 25 | 177 |
| 125 | 250 |
| 25 | 177 |
| 148 | 435 |

The LOUISVILLE and NEW ALBANY Railroad Company *v.* THE STATE, on the relation of McCARTY, Auditor of State.

RAILROADS—TAXATION.—The rolling machinery of a railroad is intimately connected with the purposes and uses of the track and superstructure, and it is within the power of the legislature to treat such machinery as real property for purposes of taxation.

SAME—VALUATION.—The constitution does not require a uniform method of valuation of property for taxation, but only "such regulations as shall secure a just valuation." In determining how this end shall be secured, the legislature must exercise a discretion, and unless the method adopted be clearly inadequate to secure the result, the courts cannot interfere.

SAME—Section 6 of the act of *March* 4, 1859, (Acts of 1859, p. 5,) which provides that the appraisers, in estimating the value of the road, shall take into consideration the location of the road for business, the competition of other roads, its earnings, &c., is constitutional.

TAXATION OF STOCK.—The acts of 1858 and 1859, *supra*, relate only to the assessment of real property. The act of 1852 remains in force as to the assessment of personal property, and under its provisions a list of all the stock of the railroad company, which includes all personal property, should be furnished to the auditor of the proper county between *January* 1st and *June* 1st.

SAME.—If the proper officer of the company fails to make such return before the 1st day of *July*, it becomes the duty of the Auditor to make it, under

sec. 37 of the act of 1852, and the company has no longer a right, and cannot be required, to make such statement.

MANDAMUS.—A mandate will not lie where the statute has expressly provided another adequate remedy.

APPEAL from the *Floyd* Common Pleas.

RAY, J.—The Auditor of State filed in the Court of Common Pleas of *Floyd* county, an affidavit charging that the appellant did not, between the 1st day of *January*, 1864, and the 1st day of *June* next ensuing, file with the auditor of *Floyd* county, where the principal office of the company was situated, a statement of the amount of its capital stock for taxation, and praying for a mandamus requiring it to do so. A motion was made upon this affidavit for a mandamus, and upon the overruling of a demurrer, an alternative writ was issued. A return was made to the writ, and, upon motion, the return was rejected, and a peremptory mandamus was issued. The questions presented by these rulings of the court were properly reserved and are now before us for our consideration. The first question we will examine, is whether the appellant was in default in not having made a statement to the auditor of *Floyd* county of the amount of its capital stock for taxation.

An act of the legislature was approved *March* 4, 1859, entitled "an act to amend the sixth, eighth, ninth and fourteenth sections of an act entitled 'an act to provide for the appraisement of real estate, and prescribing the duties of officers in relation thereto,' approved *December* 21, 1858, also defining the duties of appraisers and deputy appraisers, and the Auditor of State."

If this was the only law in force in regard to the appraisement and taxation of the property of railroad companies, then no such statement was required to be furnished. The appellant insists that this was and is the only law in force on this subject.

The appellee denies that the amendment of 1859, to the act of 1858, is valid, and insists that the "act to provide for the valuation and appraisement of real property," &c.,

approved *June* 21, 1852, with the amendments to that act approved *December* 21, 1858, is the only law in force providing for the appraisement and taxation of the property of railroad companies.

The first objection presented to the amendatory act of 1859, is that the title embraces, as the subject to be appraised, real estate alone, and that the act, after providing for a "valuation of all lands, town lots, depot grounds, and buildings and improvements thereon, other than road beds, switches and side-tracks, and railroad tracks and superstructures thereon, used or held by railroad companies, according to the same rule prescribed for ascertaining the value of other real property," proceeds to direct that the appraisers shall "then appraise the value of said road per mile, through their respective counties, *including in that valuation the value of all the rolling machinery aforesaid,* depots, depot grounds and machine shops." This rolling machinery, it is insisted, is personal property, and not coming within the subject matter stated in the title, as required by sec. 19, art. 4 of the constitution of this State, must be stricken from the act, and then the act, failing to provide for the valuation for taxation of such personal property, would not comply with sec. 1, art. 10 of the constitution, requiring that "The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious or charitable purposes, as may be specially exempted by law." This objection is not well taken. The rolling machinery is intimately connected with the purposes and uses of the railroad track and superstructure, and the power of the legislature to treat it as realty for the purposes of taxation cannot be seriously questioned. It is so treated in this act, and is therefore embraced in the title.

The act further provides that in making the estimate of the value of the road, "the appraisers shall take into

consideration, in addition to the rule prescribed for the valuation of real estate, the location of such road for business, the competition of other roads, its earnings, above current expenses and repairs, its condition for present and future business, so as to enable them to arrive at the actual present value of such road, independent of what it cost, or the amount of its indebtedness." It is objected that this requires a special method of appraising the real estate of railroad companies, and contravenes the provision of the constitution last cited. But the constitution does not require a uniform method of valuation of property, but only "such regulations as shall secure a just valuation for taxation of all property, both real and personal." The legislature must use a discretion as to the best method of securing a just valuation of property, and unless the method adopted be clearly inadequate to secure that result, we cannot question its action. The elements that make up the value of a railroad are not identical with those that give value to other property, and it is certainly proper to take into account, in estimating such value, every consideration enumerated in the statute. Indeed, it seems to us that the direction was hardly required, as an intelligent appraiser would naturally give weight to all these things in making an estimate of the value of the railroad.

The appellee also urges that the act does not provide for the appraisement and taxation of the personal property of railroad companies, and therefore fails to comply with the constitutional requirement that all real and personal property should be taxed, except as therein mentioned.

The act, however, does not profess to include personal property. It is but an amendment of certain sections of the act of 1858, *supra,* and that act only related to the appraisement of real estate, and only repeals "so much of sections 32, 33, 34 and 35, of 'an act to provide for the valuation and assessment of the real and personal property, and the collection of taxes in the State of *Indiana;* for the election of township assessors, and prescribing the duties

of assessors, appraisers of real property, county treasurers and auditors, and the treasurer and auditor of State, approved *June* 21, 1852, as are inconsistent with the provisions of this act."

The act of 1858, then, only repeals so much of the act of 1852 as relates to the appraisement of real estate, including rolling stock of railroads, and leaves in full force all the requirements of that law in regard to the furnishing to the auditor of the proper county a list of all the stock in said company and its value. The stock includes all the personal property of a railroad company. *The State* v. *Hamilton*, 5 Ind. 310. The law of 1859, and so much of the law of 1852 as did not conflict with its provisions, therefore remained in force, and provided for the listing and appraisement of all the property, real and personal, of railroad companies, and is therefore not objectionable in failing to comply with the requirements of the constitution. It was then the duty of the appellant, in obedience to the law of 1852, *supra*, to have furnished to the auditor of *Floyd* county, between the 1st day of *January* and the 1st day of *June*, a list of all personal property of said company, except its rolling machinery, and its value. This, the affidavit avers, the appellant failed to do. It then became the duty of the auditor, upon such failure, to proceed to make such list, as required by sec. 37 of the act of 1852, *supra*, and the railroad company had no longer a right, and could not be required, to make such statement. *Hamilton* v. *The State, supra.* If it were not provided by statute that, upon failure of the railroad company to file such statement within the time required by law, the auditor of the county shall proceed to make the same, a mandamus would doubtless lie, to compel the officers of the railroad to furnish the list after the time had expired; but the rule is well established that mandamus will not lie where the statute has expressly provided another adequate remedy. Upon the failure of the appellant to comply with the law, it

became the duty of the auditor of the proper county to prepare the statement, and the auditor of State could look only to him. This is in accordance with the ruling of the court in the case we have cited, and we are not disposed to question its correctness.

For the reason stated, the court should have overruled the motion to reject the return of the appellant to the alternative writ.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.

*T. L. Smith* and *M. C. Kerr*, for appellant.

*D. E. Williamson*, Attorney General, and *H. Crawford*, for the State.