THE STATE OF MISSOURI *ex rel.* W. H. WHEELER *et al.*, Appellants, *v.* DANIEL McAULIFFE, Respondent.

1. *Mandamus — Justices' courts — Appeal — Rule and attachment. — Mandamus* will lie only where the relator has a specific right and the law has provided no other specific remedy. The statute (Wagn. Stat 849, § 10) has provided that if a justice fail to allow an appeal in a case where the same ought to be allowed, or when, from absence, sickness, or other cause on his part, the appeal cannot be taken in time, the Circuit Court, or other court having jurisdiction of such appeals, may by rule and attachment compel the justice to allow the appeal. This is a specific remedy, and there is no necessity to invoke a writ of *mandamus* to secure the repeal, and such a writ is properly refused.

*Appeal from St. Louis Circuit Court.*

*M. Kinealy,* for appellants.

I. Our statute concerning proceedings in justices' courts, which provides that a justice may be compelled to grant an appeal by rule and attachment when the circuit judge is satisfied that an appeal ought to be allowed, does not deprive the court of its power to proceed by *mandamus,* which it always possessed (Trustees, etc., v. Johnson, 2 Ired. 219; Tapping on Mandamus, 281, 289, and cases cited), because: (1) There is nothing in the act showing that the rule on the justice is a rule *nisi,* for the rule is granted only after the judge is satisfied that an appeal should have been allowed. (2) Although it is a general rule that *mandamus* will not issue where there is any other remedy, yet this rule has many exceptions. The remedy must be a legal one. (The People v. The Mayor *et al.,* 10 Wend. 393.) The remedy must be adequate. (Tapping on Mandamus, 70–1; People v. Judges, 3 How. Pr. 164; King v. S. W. R.R. Co., 2 B. & Ad. 649.) "As to corporations and ministerial officers, the existence of another and adequate remedy is no objection to awarding the writ." (The People v. Steele, 2 Barb. 418.) (3) Section 10 of chapter 185, Gen. Stat. 1865, is merely declaratory of a power which the court possesses irrespective of statute. (City of St. Louis v. Bird, 31 Mo. 90; Sess. Acts 1856, p. 164, § 18; Sess. Acts 1845, pp. 674–5, §§ 15, 22; Laws of St. Louis County, 88, §§ 1, 3; Trustees v. Johnson, *supra;* Laws of Ind., 1838. p. 343, § 17; *id.* 383, § 80.) (4) An alternative *mandamus* is in the nature of a rule to show cause. (Craig's Pr. 289; 10 Wend. 25, 30; People v. Judges, 3 How. Pr. 165; 4 Cow. 403.) Under section 179, chapter 87, Rev. Stat. Ark. 1838, which is the same as our own, it has been held that *mandamus* is a proper mode of compelling a justice to grant an appeal, notwithstanding that the statutory remedy also existed, the two remedies being substantially the same. (Levy. v. English, 4 Ark. 69.)

8—VOL. XLVIII.

*Lubke & Player*, for respondent.

*Mandamus* is not the proper remedy to compel a justice of the peace to allow an appeal. The relator should have proceeded by rule and attachment; for (*a*) *mandamus* is only proper when there is no other specific legal remedy. (Tapping on Mandamus, 62, 69 ; Moses on Mandamus, 17, 18, 208 ; Stevens v. Evans, Burr. 1157; King v. Margate Pier Co., 3 B. & Ald. 220.) (*b*) The statute has prescribed a specific legal remedy in such cases as the one at bar, viz : rule and attachment. And this remedy has been followed in similar cases, and *mandamus* never was. (Fanning v. Voelker, 39 Mo. 121.)

WAGNER, Judge, delivered the opinion of the court.

The relators filed their petition in the Circuit Court, praying that a *mandamus* might issue against the respondent, who was a justice of the peace in St. Louis county, to compel him to grant an appeal in certain cases which had been decided by him, and in which the relators were parties. Respondent answered, and upon trial of the issues of fact a verdict was rendered for the relators, upon which judgment was entered. Respondent then filed his motion in arrest of judgment, for the following reasons: First, that the pleadings and alternative writ issued herein do not disclose any case authorizing the court to issue a writ of *mandamus;* second, that on the pleadings of the relators, it appears that they have mistaken the remedy which the law gives them in a case of the kind stated in the pleadings; third, that the Circuit Court can only compel a justice of the peace to allow an appeal by rule and attachment, and not by a writ of *mandamus.*

The motion in arrest was overruled, and the respondent appealed to the General Term, where the judgment at Special Term was reversed, and the relators have brought the case here.

If it can be found that *mandamus* is not maintainable in a case like this, it will be unnecessary to examine the other points raised. The principle is unquestioned, laid down by the text writers and established by the adjudged cases, that *mandamus*

will lie only where the relator has a specific right and the law has provided no other specific remedy. (Dunklin County v. District Court, 23 Mo. 449; State *ex rel.* Adamson v. Lafayette County Court, 41 Mo. 225.)

The petitioner here, by complying with the law, had the right to have his appeal allowed. But has the law provided him with no other remedy than a resort to this extraordinary process? By the statute it is provided that "if the justice fail to allow an appeal in the case when the same ought to be allowed, or if, by absence, sickness, or any other cause, on his part, an appeal cannot be taken in time, the Circuit Court, or any other court having jurisdiction of such appeals, on such fact satisfactorily appearing, may by rule and attachment compel the justice to allow the same and to return his proceedings in the suit, together with the papers required to be returned by him." (2 Wagn. Stat. 849, § 10.)

Here the law has plainly and clearly pointed out a specific remedy to be pursued on such occasions. By the summary process of rule and attachment the object is attained, and there is no necessity for invoking the issuance of this writ. There was, therefore, no reason for this proceeding, and the judgment at General Term should be affirmed. The other judges concur.