————o————

The Chicago, Rock Island and Pacific R. R. Co., Respondent, *vs.* Henry Franks, Appellant.

1. *Mandamus—Justice of the Peace—Appeal.*—Mandamus will not lie to compel a justice of the peace to grant an appeal. (State *ex rel.*, Wheeler v. McAuliffe, 48 Mo., 112.) The remedy in such case is by rule and attachment from the Circuit Court. (W. S., 849, ⸹ 10.)

*Appeal from Davies Circuit Court.*

*John Connover,* for Appellant.

I. The commands of the writ are unauthorized. It commands the relator to do a certain specific, judicial act (to-wit: grant the appeal), while the real object of the writ is only to require the inferior court to act, and not prescribe what its action shall be. (Mos. Mand., 23, 34 and 53; Tap. Mand. 280; Rex. vs. West Rid. York. Justices, 56 Barn. & Ad., 667; 28 Mo., 279; Dunklin Co. vs. District Court, 23 Mo., 449; State vs. Lafayette Co., 41 Mo., 221; State vs. Wilson, 49 Mo., 146; People vs. Judges Wayne Co., 1 Manning, Mich., 359; *In re* Turner, 5 Ohio, 542; Fish vs. Weatherwax, 2 John's Cas., 215.)

II. The relator mistook his remedy; he should have pro-

ceeded by rule and attachment. (Wagn. Stat., 849, § 10 State vs. McAuliffe, 48 Mo., 112.)

III. The granting, or refusing to grant an appeal, is a judicial act, and hence, not within the scope of mandamus. (Jordan vs. Hanson, 49 N. H., 199; Wortheimer vs. Howard, 30 Mo., 420; State vs. Towle, 42 N. H., 546; Tichenor vs. Hewson, 2 Greenl., N. J., 26; Chickering vs. Robinson, 3 Cush., 543; Way vs. Townsend, 4 Allen, 114; State vs. Dunnington, 12 Md., 340.)

*Wm. M. Rush, Jr., & Matt. Ewing*, for Respondent.

Mandamus is the proper remedy. Attachment could not be resorted to except in term time. This writ was issued in vacation, and when the relator's property was levied upon and advertised for sale; and had relator waited until such time as it could obtain a rule and attachment upon the Justice, its property would have been sold, and the proceeds paid over to the plaintiffs, in the execution, and relator's remedy lost. We are aware that the Supreme Court of this State (State *ex rel.* Wheeler vs. McAuliffe, 48 Mo., 112) has held that mandamus will not lie against a Justice compelling him to grant an appeal, on the ground that the statutory rule and attachment is the specific remedy in such cases; but in that case the writ of mandamus was issued in term time, when a rule and attachment might have been obtained. An alternative writ of mandamus is in the nature of a rule. (10 Wend., 25 and 30; 3 How. Pr., 165; 4 Ark., 69; 4 Cow., 403.)

ADAMS, J., delivered the opinion of the court.

This was a proceeding by mandamus, to compel the defendant, an acting justice of the peace, to grant an appeal in a certain case in which the plaintiff was defendant, and one Benjamin C. Mapes was plaintiff and had obtained a judgment against the plaintiff. The defendant, acting as justice of the peace refused to grant the appeal, upon the alleged ground that the plaintiff had not complied with the provisions of the statute in regard to the appeal bond, etc. The only

question presented by this record is whether mandamus will, under any circumstances, lie to compel a justice of the peace to grant an appeal.   In granting appeals, a justice of the peace acts in a judicial and not a ministerial capacity.   He must, as a judicial officer, decide whether the statutory steps have been complied with to authorize the appeal.   The appellant, or some one for him, is required to make a proper affidavit for the appeal, and also a proper recognizance with sufficient sureties must be given, and the justice must decide whether the affidavit and recognizance are sufficient.   In Jordan vs. Harson, (49 N. H., 199 ; 6 Am. Rep., 508,) the Supreme Court of New Hampshire expressly decided that a justice of the peace, in discharging his duties, must determine " whether the right of appeal exists, whether it is demanded in due time, and whether the security offered is in form and substance sufficient ; " and these acts are judicial in their nature.  In Wortheimer vs. Howard, 30 Mo., 420, it was held by this court that the acts of a justice of the peace, from the beginning to the end of a suit, including the issuing of an execution, are judicial and not ministerial.

It is well settled that a mandamus will not lie to control a judicial officer or court in their decisions.   But this court in State of Missouri, Wheeler vs. McAuliffe, 48 Mo., 112, expressly held, that mandamus does not lie to compel a justice of the peace to grant an appeal.   The statute (Wagn. Stat., 849, § 10) provides the remedy to be pursued, when the justice fails to allow an appeal.   This remedy is by rule and attachment, to be issued by the Circuit or other court having jurisdiction, to compel the justice to allow the appeal, and mandamus cannot be resorted to.

Judgment reversed ; all the judges concur.