# Overseers of Porter Township *versus* Overseers of Jersey Shore.

82    275
25 SC  598

1. Under the provisions of the Act of 13th of June 1836, a regular order of removal was made by two justices, finding that a pauper chargeable upon a township for temporary relief had not gained a legal settlement therein, and adjudging her last place of settlement to be an adjoining township, and commanding the overseers of said township to receive and provide for the pauper, which the overseers refused to do, and this without appeal from the order of removal. *Held* (reversing the court below), that the overseers had no right to refuse the pauper and that mandamus lies to enforce compliance with the order of removal.

2. *Held*, further, that overseers of the poor are officers elected, within the meaning of the 18th section of the Act of 14th of June 1836, which gives the Court of Common Pleas power to issue writs of mandamus to officers and magistrates elected or appointed in or for any township.

3. The provision of the 18th section of the Act of 13th of June 1836 which prescribes a penalty for a refusal to receive a pauper under an order of removal, is not a remedy to enforce performance of the duty, but a punishment for its non-performance, and is not an adequate remedy, nor is it such a statutory remedy as is contemplated by the Act of 21st of March 1806, which forbids the use of a common-law remedy where one is provided by statute.

June 7th 1876.    Before AGNEW, C. J., MERCUR, GORDON, PAXSON, and WOODWARD, JJ. SHARSWOOD and WILLIAMS, JJ., absent.

Error to the Common Pleas of *Lycoming county:* Of January Term 1876, No. 99.    Certified from Eastern District.

This was an application in the court below, by the Commonwealth *ex rel.* James G. Ferguson and Frederick Staver, Overseers of the Poor of Porter township, in Lycoming county, to obtain a rule to show cause why a writ of mandamus should not issue to Thomas Calvert, Jr., and Mark Keyser, Overseers of the Poor of the Borough of Jersey Shore, commanding them to receive and provide for a pauper, in pursuance of an order of removal from two justices, under the provisions of the Act of 13th June 1836.

The petition of the relators was substantially as follows:—

That on the 20th day of November 1874, two of the justices of the peace in and for said county, granted an order directing petitioners to remove one Rebecca Deshera, a poor person, from the poor district of Porter township to the district of Jersey Shore borough, and requiring the overseers of poor of Jersey Shore to receive and provide for the said pauper, whose place of settlement the said justices adjudged to be in the borough of Jersey Shore.

That in pursuance and by virtue of the said adjudication of settlement and order of removal, petitioners, on the 21st day of November 1874, took the pauper to the district of Jersey Shore, and demanded of the overseers of said district to take charge of and provide for her, and also at the same time exhibited and offered to said overseers the order of removal of said pauper.

That said overseers refused to receive the said pauper, and refused to make any provision for her support as overseers of the

[Overseers of Porter *v.* Overseers of Jersey Shore.]

said district of Jersey Shore, as they were and are bound in law to do, and refused to accept said order of removal, and still refuse to accept and provide for said pauper; and by reason of the premises, the petitioners, as overseers of Porter township, have suffered damage, and have no specific legal remedy therefor.

They therefore pray the court to issue a mandamus to said overseers of the poor of the borough of Jersey Shore, commanding them to receive and provide for the said pauper, &c.

The court granted the rule to show cause, and the defendants, without denying the facts, filed an answer that set forth,

1. That the Court of Common Pleas of Lycoming county has no jurisdiction in the case as presented by the petition of the overseers of the poor of Porter township.

2. That there is a specific remedy given by the Act of Assembly for the commission of any act such as set forth in the petition filed, and such specific remedy is exclusive, and must be followed by the overseers of the poor of Porter township.

3. That the Court of Common Pleas has no jurisdiction in any case over overseers of the poor; the Court of Quarter Sessions of the peace having exclusive jurisdiction by the laws of this Common- wealth.

4. That the said Rebecca Deshera has no legal settlement in Jersey Shore borough, and never has had any, or even the semblance of one; and the sole object of the proceedings of the overseers of the poor of Porter township is to compel the overseers of the poor of Jersey Shore to go to the cost, annoyance and trouble of ascertaining the legal residence of the said Rebecca Deshera.

After argument, the court (Gamble, P. J.) discharged the rule and in an opinion said:—

"The answer of the defendants does not deny the allegations of the petition, but assigns legal reasons why the writ of mandamus should not be granted, and is regarded therefore in the nature of a demurrer.

"Two questions are presented by this demurrer for the consideration of the court:—

"1st. The want of jurisdiction in the Common Pleas; and

"2d. The legal propriety of granting the writ of mandamus under the canon of construction established by the Act of Assembly of 1806.

"As to the jurisdiction of the Common Pleas, Justice SHARSWOOD has carefully reviewed the authorities in the case of the Directors of the Poor *v.* Malany, 14 P. F. Smith 144, referred to approvingly in Delaware *v.* Greenwood, 16 Id. 63.; from which it would appear that in all cases arising under the Act of 1836, relating to the support and employment of the poor, between contending districts, the Quarter Sessions have sole and exclusive jurisdiction. This is an application to the Court of Common

[Overseers of Porter *v.* Overseers of Jersey Shore.]

Pleas to coerce obedience to the requirements of that statute by the defendants as overseers of the poor; to command them to receive and provide for the pauper therein named, when the act not only enjoins that duty, but annexes a specific penalty for every such refusal or neglect of such duty. We are of the opinion that the Common Pleas has no jurisdiction over the subject-matter presented in plaintiff's complaint. But lest we should be in error in that conclusion will consider the second objection arising under the uniform construction given to the 13th section of the Act of Assembly of the 21st of March 1806, which is as follows: 'That in all cases where a remedy is provided or duty enjoined, or anything directed to be done by any Act or Acts of Assembly of this Commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases further than shall be necessary for carrying such act or acts into effect.'

"When it is remembered that the duty we are here asked to enforce by a writ of mandamus is expressly enjoined by the 18th section of the Act of 1836, and the remedy or penalty for any failure or neglect of performance also expressly provided, with the mode of its recovery, and its appropriation prescribed, it would seem to be very plainly forbidden by the letter and spirit of the act quoted.

"When to this is added the consideration of the rule equally well settled, that the writ of mandamus, although demandable of right in a proper case, is to be invoked only in case of last necessity, and never where there is another effectual remedy, the duty of the court is still more plain and imperative."

The relators took this writ of error and assigned for error this judgment of the court below.

*H. H. Martin, R. P. Allen* and *J. M. Gamble,* for plaintiffs in error.—Under sect. 18 of Act 14th June 1836, Pamph. L. 626, Courts of Common Pleas have power "to issue writs of mandamus to all officers and magistrates, elected or appointed in and for the respective county, or in and for any township, district or place within such county." The writ will be granted whenever the applicant shows a specific legal right and in the absence of any specific legal remedy: Com. *v.* Rosseter, 2 Binn. 360 ; James *v.* Com'rs of Bucks County, 1 Harris 75. Overseers of the poor are undoubtedly included in the Act of 1836, *supra,* and mandamus can issue to such officers from Common Pleas to compel them to perform their duty.. The order of removal relieves the overseers from responsibility for any charges incurred for the pauper : Directors of Schuylkill *v.* Overseers of Montour, 8 Wright 486. Mandamus will lie if the existing legal remedy is inadequate and will not afford the aggrieved party the particular right which the law accords him:

[Overseers of Porter v. Overseers of Jersey Shore.]

High on Extraordinary Remedies, p. 19.    Where a penalty is provided it will not supersede the remedy by mandamus : Com. *ex. rel.* Thomas *v.* Com'rs of Allegheny, 8 Casey 222 ; Borough of Uniontown *v.* Com. *ex. rel.* Veech, 10 Id. 293 ; Hamilton *v.* Councils of Pittsburgh, Id. 496 ; Howe *v.* Com'rs of Crawford County, 11 Wright 361 ; Hall *v.* Selectmen of Somersworth, 39 N. H. 511 ; People *v.* Common Councils of New York, 45 Barber 473 ; People *v.* Collins, 7 Johns. 459 ; Bates *v.* Overseers of Poor, 14 Gray 163.  The statute gives no adequate remedy against the district for the support of a pauper after the order of removal.   It contemplates an immediate removal as soon as he becomes chargeable and a prompt acceptance by the officer of the district to which removed : Overseers of Sugarloaf *v.* Directors of Schuylkill County, 8 Wright 483.

*Henry C. Parson* and *P. D. Bricker*, for defendants in error.— The theory of the poor law is that the Quarter Sessions are to administer it : Nippenose *v.* Overseers of Jersey Shore, 12 Wright 406 ; Directors of the Poor *v.* Malany, 14 P. F. Smith 148 ; Versailles *v.* Mifflin, 10 Watts 360 ; Marion Township *v.* Spring Township, 14 Wright 308.   The overseers of Porter had a specific remedy under the 18th sect. of Act of 13th June 1836, and they were bound to pursue that remedy : Criswell *v.* Clugh, 3 Watts 330 ; Spigelmoyer *v.* Walter, 3 W. & S. 540 ; Moyer *v.* Kirby, 14 S. & R. 162 ; Commonwealth *v.* Wellsboro & Tioga Plank Road Co., 11 Casey 152.

Chief Justice AGNEW delivered the opinion of the court, October 10th 1876.

The Court of Common Pleas has power to issue writs of mandamus " to all officers and magistrates, elected or appointed, in or for the respective county, or in or for any township, district or place within such county, and to all corporations being or having their chief place of business within such county :" Act 14th June 1836, sect. 18.  Overseers of the poor are officers elected in the several townships, as districts for the poor, and are therefore subjects of this high power, unless special jurisdiction has been conferred upon the Court of Quarter Sessions in respect to the subject-matter, or a special remedy has been provided by statute, or an adequate remedy otherwise exists.   The Quarter Sessions has no power to enforce the acceptance of a pauper under an order of removal, that has not been appealed from.  The provision of the poor law, imposing a penalty of twenty dollars under the 18th section, to be recovered before a magistrate, under the 43d section, is not a *remedy* to enforce performance of the duty.   It is but a *punishment* for nonperformance.   A remedy is that which is used to enforce a right or the performance of a duty, and unless it reaches the end intended, and actually compels performance of the duty, it is not adequate.

[Overseers of Porter *v.* Overseers of Jersey Shore.]

The duty of maintenance being ascertained judicially, it is the right of the township procuring the order of removal to have it executed, and the duty of the township to which the removal is made to receive and maintain the pauper. This duty must be enforced in the interests of humanity and justice. A penalty may punish the wrong of the officer, but does not enforce the duty of the township to receive and maintain. After payment of the penalty the duty still remains, otherwise the right of the removing township is without remedy, and the pauper is not maintained and cared for, and suffers in the inhuman contest. So remorseless often are avarice and meanness, they will pay the penalty to escape the heavier duty of continued support. It cannot be said, therefore, that the provision of the 18th section for a penalty is either an adequate remedy or a statutory remedy, which alone can be pursued, according to the Act of 1806.

It remains to inquire into the appropriateness of the remedy by mandamus. The law as to the exercise of the power to issue the writ is pretty well settled. There must be a *specific legal* right and the want of a *specific legal remedy*. When the legal right has not been ascertained or a remedy exists sufficient to enforce the right claimed, the writ of mandamus will not be granted. It is a high prerogative writ, to be used rather as a last resort than a common mode of redress. Hence, the court granting it will be careful to examine the circumstances and will exercise a sound discretion in doing so. See the following cases: Commonwealth *v.* Rosseter, 2 Binn. 360; Commonwealth *v.* Mitchell, Clarke *et al.*, 2 Penna. 517; Hester's Case, 2 W. & S. 416; Reading *v.* Commonwealth, 1 Jones 196; James *v.* Bucks County, 1 Harris 72; Heffner *v.* Commonwealth, 4 Casey 108. An examination of this case will show that the writ ought to have been granted. There was a regular warrant of removal granted by two justices, finding that the pauper had become chargeable upon Porter township for temporary relief—that she had not gained a legal settlement therein—adjudging that her last place of legal settlement was the poor district of Jersey Shore, and commanding the overseers of the poor of Jersey Shore to receive and provide for her. These overseers refused to receive the pauper, but did not appeal from the order of removal, and in their answer to the petition for the mandamus make no denial of the facts, but in effect demur to the right to have the writ. But the overseers of the poor had no right to refuse to accept the pauper under a regular order of removal. The judgment of the justices was conclusive until regularly reversed on an appeal, and its effect was to relieve Porter township from the duty of support. In the face of this order, the overseers of Porter could not continue to maintain the pauper. Humanity and justice, therefore, demanded that while the order continued in force, the duty of maintenance should fall upon Jersey Shore. If aggrieved, Jersey Shore had a remedy by appeal. The pauper was not to suffer

meanwhile. The conclusiveness of the order is established by Overseers of Sugarloaf *v.* Directors of Poor of Schuylkill, 8 Wright 481; Directors of Schuylkill *v.* Overseers of Montour, Id. 484; Overseers of Nippenose *v.* Overseers of Jersey Shore, 12 Wright 402.. An action on the case would not lie on behalf of the pauper to enforce the order, and a verdict for damages would be no proper substitute; and what would become of the pauper in the meantime, or who would undertake her cause? The writ of mandamus is the only remedy left, and it is clearly applicable: Commonwealth *ex rel.* Thomas *v.* Commissioners of Allegheny, 8 Casey 222; Borough of Uniontown *v.* Commonwealth, 10 Id. 293; Hamilton *v.* Pittsburgh, Id. 496; Howe *v.* Commissioners, 11 Wright 361.

We think the learned judge below erred in refusing the mandamus, and that legal right, as well as justice and humanity required him to compel the overseers of the poor of Jersey Shore, by mandamus, to perform the duty of receiving and maintaining the pauper cast upon them by the order of removal.

The judgment refusing the writ is therefore reversed, and a *procedendo* awarded; and the record is ordered to be remitted for this purpose.