State ex rel. New Orleans vs. Railroad Company.

## No. 9423.

### The State ex rel. The City of New Orleans vs. The New Orleans and Carrollton Railroad Company.

The writ of mandamus does not lie to compel corporations to perform obligations arising simply from contract.

Nor does it lie when there exists other adequate legal remedy and especially when such remedy is expressly provided by the statute imposing the duty.

Although a duty imposed by a municipal ordinance may become operative on the subject corporation only by virtue of its acceptance in the form of a contract, this will not prevent its enforcement by mandamus, if the duty be of a nature within the legislative power of the municipality in the exercise of its police powers and independent of the consent of the corporation; but when the obligation is of a character which could only arise from voluntary contract and could not, otherwise, be imposed, mandamus will not lie.

| 37 | 589 |
|---|---|
| 44 | 1030 |
| 37 | 589 |
| 49 | 846 |
| 37 | 589 |
| 51 | 203 |
| 37 | 589 |
| 105 | 177 |
| 37 | 589 |
| 116 | 1084 |
| 37 | 589 |
| 120 | 15 |

PPLICATION for Mandamus.

*W. H. Rogers*, City Attorney, and *Branch K. Miller*, Assistant City Attorney, for the Relator:

1. The city may institute a suit of the city of New Orleans without being authorized thereto by ordinance or regulation. Sec. 27, Act No. 20, 1882.

2. Where a party agrees to do certain work for another, and in the event of a failure to do such work, the obligee is, by the contract, authorized to have such work done at the expense of the obligor, this stipulation of the contract is no bar to a demand by the obligee for specific performance. Mandamus is the proper remedy in this case. 37 Ind. 494, 495, 489 *et seq.*, High's Extraordinary Legal Remedies, Sec. 320.

An ordinance granting a right of way for a street railway through a street, though part of contract, does not create simply a contract obligation. It creates a municipal regulation and a duty to obey it. 111 U. S. 237.

*John M. Bonner* for the Respondent.

1. Where the city of New Orleans has provided a special remedy for the enforcement of a contract, the city attorney cannot, of his own motion, ignore this remedy, by bringing a suit to enforce a different one and one that would bring about a result never contemplated by the contracting parties.

2. When a remedy is specially stipulated for by the contracting parties, that remedy alone is to be resorted to for the enforcement of the contract, as they thus make it the law for that purpose. R. C. C., Art. 1901 and Art. 1945, §§ 2 and 3.

3. Under her contract, the city of New Orleans has an adequate legal remedy, and having an adequate legal remedy she is not entitled to a mandamus. High, Ex Leg. Remedies, §§ , 10, p. 16, note, § 15, note, p. 21; § 16, p. 22, note; C. P. 830.

4. A mandamus issues only in cases where the duty to be performed is imposed by law. It is not issued to enforce contract rights. High, Ex. Leg. Remedies, § 321; C. P., Art. 829; 16 Ohio St. 308; 43 N. J. L., 505; 20 Kansas, 404.

The opinion of the Court was delivered by

Fenner, J. This is an application for a writ of mandamus, commanding the defendant company "to proceed at once to repair and correct the defects and bad condition of Jackson street from Water to

St. Charles street, and to proceed at once to put said Jackson street in good repair and condition, and to execute said commands of the court within a reasonable time."

The application is based on the following allegations which we transcribe from the petition, viz: "That by authentic act passed before Samuel Flower, notary public, on August 7, 1882, relator, for the consideration therein stated, sold and granted to the New Orleans and Carrollton Railroad Company, the franchise or right of way for a double-track street railway, from Water street through Jackson street to its junction with St. Charles avenue; that by the terms of said authentic act the said N. O, & C. R. R. Co. *agreed and bound itself* to keep in good order and condition at all times the said Jackson street from St. Charles avenue to Water street, from curb to curb, including all crossings, bridges, curbing and intersections." Failure and refusal to perform this obligation, after due demand, are averred, and also absence of other adequate legal remedy, and hence relief by mandamus is prayed for.

Looking at the authentic act referred to, we find it to bear the caption of "act of sale." The parties to it are Joseph A. Shakspeare, Mayor of the city of New Orleans, of the one part, and Van Benthuysen and Crouch, President and Secretary of the railroad company. The Mayor acts under and by virtue of a city ordinance No 7983, which is entitled "an ordinance to authorize the Mayor of the city of New Orleans to contract with the New Orleans and Carrollton Railroad Company, for a sale of franchise or right of way offered under ordinances 7812 and 7830 A. S. The representatives of the railroad act under a similar resolution of the corporation.

The act itself is a formal contract of sale embodying a multitude of stipulations and considerations, amongst others, the obligation to keep the streets in repair upon which this action is based, and also the following, viz: that railroad company "shall, for the faithful execution of these specifications, give good and solvent security in the shape of a bond, naming real estate unencumbered, to the amount of one hundred thousand dollars. The said bonds shall be filed in the mortgage office and accepted by the Mayor. It shall be the *duty* of the Administrator of Improvements and City Surveyor, to notify in writing the company, of any violation of these specifications, giving them reasonable time to rectify any such violation; and if upon the expiration of said mentioned time, the company has neglected or refused to comply, the city council *shall* have the said violation rectified. The cost for so doing shall be recoverable before any court of competent jurisdiction."

Thus, from the allegations of the petition and from the face of the authentic act referred to therein, it conclusively appears:

1. That the obligation here sought to be enforced by mandamus is an obligation created by, and resulting from, an express written contract.

2. That the performance of said obligation is secured by an ample and solvent bond.

3. That in the event of non-performance, a distinct and specific remedy is provided, the pursuance of which is not left to the option, but is made the imperative *duty*, of the city.

The writ of mandamus is the most arbitrary of all the forms in which judicial authority is exercised.

It shuts out the right of trial by jury. It substitutes for the ordinary and cautious modes of judicial proceeding, an extremely harsh and summary procedure.

Instead of a mere judgment settling simply the rights of litigants and subject to execution by ordinary process, it invokes an arbitrary judicial mandate, to be executed by the judge himself, and disobedience to which is punishable by imprisonment for contempt, or by the harsh remedy of *distringas.*

It is properly characterized as an *extraordinary* remedy, only to be applied in extraordinary cases, which law and jurisprudence have carefully defined and subjected to close limitations, amongst which may be mentioned the following:

1. It cannot be invoked except to compel the performance of some clear, unequivocal duty imposed by *law*, and never to enforce obligations arising simply from *contract.* High on Ext. Remedies, § 321; State vs. Zanesville Turnpike Co., 16 Ohio, 308; State vs. Peterson R. R. Co., 43 New Jersey L. 505; State vs. River Bridge Co., 20 Kansas, 404.

One reason of this distinction is obvious. The obligations of contracts are commutative and reciprocal. The duty of one party to comply with the obligations assumed by him does not depend simply upon the fact of his assumption, but involves the question as to whether the other party has fulfilled his own reciprocal obligations, such fulfillment being a condition precedent to his right to exact performance from his adversary. A duty, thus contingent and dependent, is not, on its face, sufficiently clear and absolute to justify the application of such a remedy.

2. Not only must the duty be clear and imposed by law, but mandamus only lies when there exists no other adequate legal remedy.   C. P. 830, 831;  High on Ext. Rem. §§ 10, 15, 283;  State ex rel. Fix vs. Herron, 29 Ann. 850;  also 9 Ann. 250;  10 Ann. 415;  12 Ann. 342;  Commonwealth vs. Rossiter, 2 Binn. 360;  People vs. Head, 25 Ill. 325;  King vs. Water-works Co., 6 Ad. & E. 325.

3. Wherever an express remedy is afforded by statute, plain and specific in its nature and adequate to redress, mandamus will not lie.   High on Ext. Rem. §§ 16, 179;  State vs. Supervisors, 29 Wis. 79;  State vs. McAuliffe, 48 Mo. 112.

This is particularly applicable where the same statute which imposes the duty indicates and provides the remedy.   L. & N. A. R. R. Co. vs. State, 25 Ind. 177;  State vs. Supervisors, 29 Wis. 79.

In the instant case, every one of the foregoing rules applies to exclude the remedy by mandamus, and their concurrent force is irresistible.

The case of Hayes vs. Michigan R. R. Co., 111 U. S. 237, relied on by relator, is not applicable.   The court there simply decided that the provision of a city ordinance requiring a railroad company to which a right of way was granted, "to erect such suitable walls, fences or other sufficient works as will prevent animals from straying upon its tracks, and secure persons and property from danger," although accepted by the company in the form of a contract, was nevertheless a competent municipal regulation having the force of law, and hence that persons injured by the failure of the company to comply therewith could hold it responsible for the damage.   Obviously such a regulation was not dependent for its validity upon the consent of the railroad company.   Even had it been omitted from the contract granting the right of way, it could have been subsequently passed by the city as a measure of competent police power for the protection of persons and property.   Such laws have been passed in many States and are held binding upon existing railroad companies regardless of their consent.

But the obligation of keeping "Jackson street from curb to curb" in repair, is of a different character, and could in no manner be cast upon the defendant company otherwise than by its own express and voluntary consent.   It is, and could be, nothing else than a contract obligation.

Now, all important municipal contracts are entered into in virtue of ordinances which prescribe the terms of the municipal consent and authorize officers to represent the city in their execution.   To say that

because the terms of the contract have been antecedently embodied in such ordinances, therefore the obligations resulting from the subsequent concurrence of minds between the contracting parties are not obligations arising from contract, but duties imposed by law and enforcable by mandamus, is to obliterate all distinction between the lawmaking and contracting powers of municipal corporations.

If this company can be compelled by mandamus to fulfill its contract to repair this street, we see not why every other contract for the repair, paving or other work on streets , and indeed, every other municipal contract, might not be enforced in a similar manner.

Nothing in the decision above referred to or elsewhere points to such a doctrine.

This might conclude the case; but even if we considered the contract in the light of a statute, the plain mandatory remedy expressly provided in its terms, would necessarily bar the relief by mandamus.

It is true that the Supreme Court of Indiana, in discussing the adequacy of such a remedy, concluded that it was not adequate; but that was in a case where that remedy had not been pointed out and embodied in the statute ; and the court was careful to emphasize that point, saying: " The case of L. & N. A. R. R. Co. vs. State, 25 Ind. 177, deciding that a mandate will not lie where the statute has expressly provided another adequate remedy, has no application to the case at bar. There an express remedy was provided by statute, while in the present case, no statutory provision for the remedy of the grievance complained of and for the enforcement of the rights of relatrix, other than a mandate against the railroad company can be found.', Ind. R. R. Co. vs. State, 37 Ind. 495.

It is clear that, in so far as we should accept the authority of the Supreme Court of Indiana, this case is governed by the decision in 25 Indiana rather than by that in 37 Indiana.

The first-mentioned case was, in some degree, analogous to this. The statute made it the duty of the railroad company to file a certain statement within a fixed time and provided that, in case of failure, the auditor of public accounts should make up the statement. On application for mandamus to compel the company to file the statement, the Court said, " if it were not provided by the statute, that upon failure of the company to file such statement within the time required by law, the auditor of the county should proceed to make the 'same, a mandamus would doubtless lie ; but the rule is well established that mandamus will not lie where the statute has expressly provided another adequate remedy." L. & N. A. R. R. Co. vs. State, 25 Ind. 181.

Black vs. Richardson & Co.

In this case, the mandatory terms of the ordinance leave no doubt that the remedy pointed out therein was the one intended and required to be pursued. Its complete adequacy, therefore, is not to be too nicely considered; but, in point of fact, it is not only adequate, but much more adequate than the remedy of mandamus.

The duty of putting and keeping a dirt street in repair is one of the vaguest and most undefined duties imaginable. What constitutes a state of proper order and repair? It may be in repair one week and, by bad weather, out of repair the next. It is plain that the enforcement of such a mandate would practically throw upon the court the administration of the streets of the city; and its time would be consumed by constant rules for contempt involving questions as to whether this hole should be filled up or that quagmire be made firm, and how these things should be done, and the like.

The learned judge of the court *a qua* did not err in refusing the mandamus.

Judgment affirmed.

The Chief Justice takes no part in this opinion.