B. TYLER, Appellant, v. TOWNSHIP BOARD OF LAMAR TOWNSHIP, BARTON COUNTY, Respondent.

Kansas City Court of Appeals, May 16, 1898.

Township Organization: MANDAMUS: APPEAL: RULES. *Mandamus* will not lie against a township board to grant an appeal since the statute furnishes a remedy by rule and attachment.

*Appeal from the Barton Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

ADAMS & ADAMS for appellant.

(1) The statutory right of appeal is an absolute right. 2 Ency. of Pl. and Pr., sec. 4, p. 21, note 5. All that appellant is required to do is to file his affidavit and bond. Townsend v. Timmonds, 44 Ark. 482; Moore v. Randolph, 52 Ala. 530. (2) Where the statutory right of appeal is denied *mandamus* will lie to compel its allowance. McCreary v. Rogers, 35 Ark. 289; Ware v. McDonnell, 62 Ala. 81; Wilks v. Hunt, 4 Wash. 100; Dillon on Mun. Corp., chap. 20, sec. 665, p. 758. Under code practice an appeal is taken by serving and filing the notice of appeal. 2 Ency. Pl. and Pr., sec. 5, p. 237, note 7; Lowell v. Lowell, 55 Cal. 312; R. S. 1889, sec. 8555; 1 Ency. of Pl. and Pr., p. 1011, note 2; State ex rel. v. Dillon, 98 Mo. 90; 1 Ency. of Pl. and Pr., p. 1009, note 3; 2 Ency. of Pl. and Pr., p. 246, notes 3 and 4, and authorities there cited; 2 Ency. of Pl. and Pr., p. 246, note 6; Smiley v. Sampson, 1 Neb. 83; Lytle v.

Arkansas, 9 How. (U. S.) 333; 14 Am. and Eng. Ency. of Law, p. 120, sec. 3; McCreary v. Rogers, 35 Ark. 298; Ex parte Parker, 120 U. S. 737; State v. Lewis, 76 Mo. 170; State v. Adams, 9 Mo. App. 464; 14 Am. and Eng. Ency. of Law, sec. 9, p. 216; 1 Dillon on Corp., pp. 335, 336; R. S. 1889, secs. 8555, 8551; 1 Ency. Pl. and Pr., p. 990; Muller v. Humphries, 14 S. W. Rep. 1068; 1 Ency. Pl. and Pr., p. 989; Pray v. Wasdell 146 Mass. 327; Boyden v. Williams, 92 N. C. 546; Spohn v. R. R., 22 S. W. Rep. 690; 2 Ency. of Pl. and Pr. 404; Empey v. Cable Co., 45 Mo. App. 422; Davis v. R. R., 46 Mo. App. 180; Cahn v. Groves, 46 Mo. App. 263; Gunning v. Gunning, 20 N. Y. Sup. 804; 14 Am. and Eng. Ency. of Law [1 Ed.], sec. 12, p. 106.

COLE & BURNETT for respondents.

The trial court committed no error in dismissing plaintiff's petition and denying peremptory writ. If appellant was entitled to an appeal he had a statutory remedy therefor by rule and attachment. Stavely v. Runkel, 27 Mo. 442; Randolph v. Mauck, 78 Mo. 468; Whitehead v. Cole & Rodgers, 49 Mo. App. 428; Gill v. Scruggs, 79 Mo. 187; Green v. Castello, Adm'r, 35 Mo. App. 127; State v. Roscoe, 93 Mo. 146; Childs v. R. R., 117 Mo. 414; State ex rel. v. McAuliffe, 48 Mo. 112; R. R. v. Franks, 55 Mo. 325.

GILL, J.—Tyler, the appellant, brought *mandamus* against the respondents to compel them, as the township board, to grant him an appeal in a proceeding to open a public road across said appellant's land. At the hearing before the circuit court the writ was denied and Tyler appealed.

It is clear that *mandamus* should not be granted in a case like this. *Mandamus* will not lie where the

complaining party has another adequate and specific remedy. Here the appellant had such specific remedy. The statute provides, that where the township board "fails to allow an appeal in the cause when the same ought to be allowed * * * the circuit court, or other court having jurisdiction of such appeal, or judge thereof in vacation, on such fact satisfactorily appearing, may, by rule and attachment, compel such board or other officer to allow the same," etc. R. S. 1889, sec. 8518.

This is, in substance, the same provision that appears in the statute for appeals from justices of the peace (section 6333), and that has been held such a remedy as denies the resort to *mandamus*. State ex rel. v. McAuliffe, 48 Mo. 112.

In view, then, of this well settled principle it becomes unnecessary to discuss other questions. The judgment of the lower court will be affirmed. All concur.