STATE ex rel. JENNINGS, Respondent, v. CHARLES F. MASON, Appellant.

Springfield Court of Appeals, March 25, 1921.

MANDAMUS: Does Not Lie to Compel Justice to Allow Appeal, There Being Another Clear and Complete Remedy. Mandamus will not lie to compel a justice of the peace to allow an appeal which he has wrongfully refused. Revised Statutes 1919, section 2896, providing a complete and adequate remedy by rule and attachment.

Appeal from the Circuit Court of St. Clair County.—*Hon. C. A. Calvird,* Judge.

REVERSED.

*W. W. Wood* for appellant.

(1)  The motion to quash the alternative writ of mandamus should have been sustained. A justice of the peace cannot be compelled by mandamus, to grant an appeal or send up transcript to the circuit court, as mandamus will not lie when there is any other specific remedy, and section 7573, Revised Statutes 1909 provides a specific remedy, "by rule and attachment." State ex rel. Wheeler v. McAuliff, 48 Mo. 112; C. R. I. & P. Ry. Co. v. Franks, 55 Mo. 325; Kelm v. Hunkler, 49 Mo. App., 664; Tyler v. Township Board, 75 Mo. App. 561; State ex rel. Betts v. McGown, 89 Mo. 156; State ex rel. Faires v. Buhler, 90 Mo. 560; State ex rel. Heriford v. McKee, 150 Mo. 233; State ex rel. Townsite Co. v. Mosman, 112 Mo. App. 540; State ex rel. Rainwater v. Ross, 245 Mo. 44.  (2)  A literal compliance with the requirements of the statutes is the only mode by which the circuit court can acquire jurisdiction on appeal, and the justice may refuse to allow an appeal unless the necessary affidavit and bond is made in conformity with the statute. Devore v. Staeckler, 49 Mo. App. 547; Hyatte

v. Wheeler, 101 Mo. App. 357; Badder v. Jones, 119 Mo. App. 685; Petz v. Hoffman, 149 Mo. App. 153; Ranek v. Merrell, 172 Mo. App. 489. (3) No valid judgment could be rendered against respondent on this record and the failure to sustain the motion in arrest of judgment was error. State ex rel. Wheeler v. McAuliff, 48 Mo. 112; C. R. I. & P. Ry. v. Franks, 55 Mo. 325; State ex rel. Rainwater v. Ross, 245 Mo. 44.

No appearance for respondent.

COX, P. J.—Action by mandamus to compel appellant Mason, a Justice of the Peace, to grant and certify an appeal.

The facts show that relator Elmer Jennings was sued in two cases before appellant, Charles F. Mason, a Justice of the Peace, in both of which cases judgment went against relator. He took, as he thought, proper steps to secure an appeal from these judgments but the justice refused to grant the appeals and certify the cases to the circuit court. Relator then brought suit by mandamus to compel the justice to allow and certify the appeals and judgment went in his favor in the circuit court and a peremptory writ of mandamus ordered to issue and from this judgment the justice has appealed.

This judgment must be reversed for the reason that mandamus is not a proper remedy to compel a justice of the peace to allow an appeal when he wrongfully refuses to do so. The statute, section 2896, Revised Statutes 1919, provides a complete and adequate remedy by rule and attachment in such cases and mandamus will not lie when there is a clear and complete remedy otherwise afforded [State ex rel. Wheeler v. McAuliff, 48 Mo. 112; C. R. I. & P. Ry. Co. v. Franks, 55 Mo. 325; State ex rel. Betts v. Magown, 89 Mo. 156, 1 S. W. 208; State ex rel. Rainwater v. Ross, 245 Mo. 36, 44, 149 S. W. 451; State ex rel. Hutton v. Scott County, (Mo. Sup. Ct.), 197 S. W. 347; Tyler v. Township Board, 75 Mo. App. 561.]

Judgment reversed.

*Farrington* and *Bradley, JJ.*, concur.