WERTHEIMER, Plaintiff in Error, HOWARD, Defendant in Error.

1. All the acts which, from the beginning to the end of a suit, the law requires a justice of the peace to perform, are, it seems, to be regarded as judicial and as involving only that responsibility which attends all judicial officers; in issuing an execution, a justice of the peace is not to be held responsible as a mere ministerial officer.

2. A judgment was obtained before a justice of the peace; the justice issued execution thereon by direction of the plaintiff, but made the same returnable in sixty instead of ninety days, as required by law, by reason of which the plaintiff lost, and became unable to make, the amount of the debt out of the defendant. *Held*, in an action against the justice to recover damages for the negligent and illegal issue of the execution, that the justice was not liable; that the act of the justice was to be regarded as judicial and not ministerial merely.

### *Error to Cooper Circuit Court.*

The plaintiff sets forth in his petition in this cause that the defendant, in July, 1857, was a justice of the peace, duly elected and qualified, for Boonville township, Cooper county; that on July 11, 1857, the plaintiff recovered two judgments

before the defendant as justice of the peace against one Christian Mittleback, each for $181.40, together with costs; that he directed said justice forthwith to issue executions upon said judgments; that the said justice did so issue, but, in filling up, preparing and issuing the same, so negligently, carelessly and improperly filled up, wrote, prepared and issued said executions, that the same were illegal and void and of no effect, in this, to-wit, that they were made returnable in sixty instead of ninety days as required by law; that if said executions had been properly prepared and issued, plaintiff would have been able to. secure and receive the amount of said judgments so recovered, but that, by reason of the negligence and carelessness of said defendant in preparing and issuing the same, plaintiff has lost and is unable to make the amount of said judgments out of the said Christian Mittleback.

The court sustained a demurrer to this petition.

*Henning*, for plaintiff in error.

I. The circuit court erred in sustaining the demurrer. A justice of the peace is liable to an action for error or misconduct in the performance of a ministerial act. (Stone v. Graves, 8 Mo. 147.) The issuing of an execution is a ministerial act. An execution issued by a justice returnable in less than the time required by law is void. (Stevens v. Chouteau, 11 Mo. 384; Williams v. Bower, 26 Mo. 602.) The execution could not be amended under the statute. (R. C. 1855, p. 945.) This power of amendment can only be exercised in open court. An execution is rarely if ever issued until the justice's law day is over. The justice can not amend of his own motion. The execution passes directly from the justice to the constable.

*Muir & Draffen*, for defendant in error.

I. The petition shows no cause of action against the defendant. It can not be seen whether the judgments were valid or not. If founded on notes, the justice had jurisdiction;

if on accounts, he had none. A justice of the peace is not responsible for an error or mistake committed by him in the performance of a judicial act within the scope of his jurisdiction. (Gregory v. Brown, 4 Bibb, 29.) The executions were not void upon their faces, but merely voidable. (4 Bibb, 332; 11 Mo. 189.) Justices have the power now to amend writs. (R. C. 1855, p. ——, tit. Justices' Courts, art. 4, § 36.) The case of Stone v. Graves, 8 Mo. 148, does not decide the question presented here.

NAPTON, Judge, delivered the opinion of the court.

 · This case is an embarrassing one, in view of the multiplied and conflicting opinions which have been entertained concerning ministerial and judicial acts; but after considerable reflection, our conclusion has been to let the judgment of the circuit court stand.

The difficulties in drawing a line of distinction between judicial and ministerial acts, in reference to the duties which our statutes have confided to justices of the peace, are not readily removed; and, upon principles of public policy as well as equity, we are not disposed, in determining their responsibilities, to adopt the rules which have been applied to clerks and sheriffs and other mere ministerial officers. The clerical and judicial acts of justices are mingled together from the beginning to the end of a suit, and it is not easy to separate the one from the other. Great inconvenience, we also apprehend, would arise from holding a justice responsible for a blunder in issuing an execution where his intentions have been altogether pure. The office, at least in the great majority of instances, is not one attended with large gains; nor can it generally be relied on for a mere subsistence, but must necessarily be filled by persons whose principal pursuit will not allow an appropriation of much time .or labor to the attainment of accurate legal information, even upon those subjects with which they have officially to deal. That the justice is required or allowed to be his own clerk, is not a sufficient reason to divest him of his judicial charac-

ter whenever he performs an act, which a clerk, under other circumstances, would do. We have not been able to see, therefore, that in issuing an execution he is to be held responsible as a mere ministerial officer, but our inclination is to hold all his acts, which from the beginning to the end of a suit the law requires him to perform, as judicial and involving only that responsibility which attends all judicial officers. Judgment affirmed.