S. C. CABANNE, Appellant, *v.* JAMES J. SPAULDING ET AL., Respondents.

## November 20, 1883.

1. EXECUTIONS — UNLAWFUL DETAINER. — Execution may properly issue for damages and costs upon the judgment of a justice in unlawful detainer, after restitution of the premises.

2. JUDGMENTS — JUSTICES OF THE PEACE. — That a judgment is entered by a justice's clerk is immaterial if entered in the name and by direction of the justice.

3. UNLAWFUL DETAINER — JUSTICES — COMPLAINT. — A complaint in unlawful detainer before a justice, substantially of the form given at page 730 of the Revised Statutes is sufficient.

4. AMENDMENTS. — A proposed amendment of a petition to conform to the proofs is properly refused when offered after the dissolution of an injunction.

APPEAL from the St. Louis Circuit Court, ADAMS, J.
*Affirmed.*

R. W. GOODE and M. W. HUFF, for the appellant, W. C. MARSHALL, of counsel.

EBER PEACOCK and W. M. KINSEY, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

The defendant, Charles Bauer, obtained judgment before a justice of the peace against the plaintiff in this proceeding, in an action of unlawful detainer. An appeal was taken to the circuit court wherein the appeal was dismissed. Before this dismissal, Cabanne, the defendant in that proceeding, surrendered the premises in dispute, and took a lease with the knowledge and consent of Bauer, from J. P. Carr, who had become Bauer's lessee. After the dismissal the justice issued an execution in ordinary form, for restitution of the premises, and for damages, costs, and rents, and placed it in the hands of the present defendant, Spaulding, as constable. In this action the plaintiff seeks a perpetual injunction, restraining the defendants from enforcing

the execution. A temporary injunction was granted in the first instance. This, after a full hearing, upon motion, was dissolved, and final judgment was rendered for the defendants.

The plaintiff contends that no execution could properly issue on the justice's judgment, after restitution of the premises. This is equivalent to saying that if part of a judgment be satisfied, there can be no execution for the remainder. There is nothing in the point. The execution here was in statutory form, for restitution and for damages, rents, and costs. Rev. Stats., sect. 2440. The cases cited, which show that a judgment is an entirety and must stand or fall in all its parts, are not relevant. Nor are those which hold that, after judgment, any change in the relations of the parties that would have prevented a recovery of judgment, is a bar to any enforcement of such judgment. There was no change in the relations of the parties in this case as to the damages, rents, and costs. If there were any force in the arguments presented on these points, it would result *mutatis mutandis*, that a defendant in unlawful detainer need only satisfy the damages and costs adjudged against him in order to prevent any enforcement of restitution. Such is not the law. There was no attempt in this case to compel restitution. The positive and uncontradicted testimony was that the officer was specially instructed to make none. *The State to use* v. *Weinel*, (13 Mo. App., 583), simply holds that a judgment in forcible entry and detainer should not be enforced within the time allowed for an appeal, and has no application to the present case.

It is objected that the justice's judgment was void, because he did not enter it in the docket with his own hand. The entry was made, under the justice's direction, by his clerk. This did not make it the clerk's judgment, as counsel seem to suppose. The mental act of deciding the issues was performed by the justice. If he could not law-

fully cause the result to be written down by another, it would follow that a man without arms, and therefore physically unable to write, would be disqualified for the office of justice of the peace.   We have never heard of such a disqualification.   The objection is without the least merit.

The plaintiff complains of certain alleged defects and omissions in the complaint filed with the justice.   The complaint, as it appears in the record, alleges every fact that the statute requires, and states specifically the situation of the premises, so as to show that the justice had jurisdiction.   Rev. Stats., sect. 2420.   It substantially follows the form given in Revised Statutes, at page 730, which form has always been considered sufficient in this state.   If the Illinois decisions cited were directly in point, they would weigh nothing against the statutory authority for the complaint as filed.

There was no error in the court's refusal to allow an amendment of the plaintiff's petition by adding new allegations in supposed conformity with the proofs introduced. The application was made after the dissolution of the injunction, and was not authorized by Revised Statutes, section 3567, which permits such amendments only before final judgment.   It could not be made after the judgment, under section 3570, because the proposed amendment was not to be in affirmance of the judgment, but in derogation thereof.

Finally, many of the alleged irregularities of which the plaintiff complains, consist of supposed errors in the proceedings which he would have the court restrained by injunction.   They are not available for his purpose because of Revised Statutes, section 2709.   " Every such injunction shall operate as a release of all errors in the proceedings that are prayed to be enjoined."

The judgment is affirmed.   All the judges concur.