RYDER, SHANE & HYMAN, Appellants, v. SARAH J. ROBERTS and her Husband, Respondents.

Kansas City Court of Appeals, February 8, 1892.

1.   **Practice, Appellate:** ABSTRACT : PRESUMPTION IN FAVOR OF JUDGMENT.  An appellate court cannot say that affidavits not in the abstract of record would justify the trial court in making a rule upon a justice to correct his record, which is a matter largely in the discretion of the trial court, and every presumption must be indulged in favor of the correctness of the action of the court.

2.   ―――: JUDGMENT : HUSBAND AND WIFE : WIFE, PARTY ALONE. That the judgment of the justice was for one defendant (the wife) and its affirmance on appeal in the circuit court was for the defendants ( wife and husband) is a technical error, but as harmless as technical (the property being the wife's and the husband not a necessary party), and a judgment will not be reversed for error not materially affecting the merits.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Fyke & Hamilton* and *Joseph Johnson,* for appellants.

(1) The court, upon the *prima facie* case ,made by plaintiffs' affidavits, should have made a rule on the justice to correct his record or show cause why the same should not have been corrected. It is not the proper practice to try such an issue upon affidavits. *Hill v. Patterson,* 34 Mo. App. 169; *Smith v. Chapman,* 7 Mo. 217; *Norton v. Porter,* 63 Mo. 345. (2) The transcript of the justice shows that no disposition of the case as to J. S. Roberts, one of the defendants was made, and no judgment for or against him was rendered; the verdict of the jury was for the defendant, the value of the property assessed at $146, and damages assessed at $50; upon this verdict the justice entered judgment that plaintiffs return the property to defendant or pay $146 at the option of defendant. The judgment of the circuit court entered judgment, that plaintiffs and their surety return the property ( without describing it) to defendants or pay $146 at the option of defendants, etc. The judgment is irregular and erroneous and should have been arrested. R. S., secs. 2207, 2213; *Caulfield v. Farish,* 24 Mo. App. 110; *Nelson v. Betts,* 30 Mo. App. 10; *Pettingill v. Jones,* 30 Mo. App. 280; *McCord v. McCord,* 77 Mo. 166.

*H. M. Meriwether,* for respondents.

(1) The matter of ordering a justice to correct his record is within the discretion of the circuit court, and this court will not interfere unless it fully appears that the circuit court has abused its discretion and acted from prejudice or malice. *Smith v. Chapman,* 71 Mo.

217. (2) There is even less (if such a thing be possible), in the second point of appellants than in the first. The defendant, J. S. Roberts, was a mere nominal party, as the husband of defendant, Sarah J. Roberts. He was not a necessary nor a proper party. Furthermore, the judgment was treated by both appellants and respondents as being for defendants. It is too late for appellants to come now and for the first time call attention to the fact that the word was written in the singular number by the justice. *Griggs v. Deal*, 30 Mo. App. 152, 158, and cases cited. Besides, respondents are not objecting to the error, if error it was, and it certainly does not lie in the mouth of appellants to object. How can they be injuriously affected? *Miller v. Briden*, 34 Mo. App. 608.

SMITH, P. J.—It appears from the statement of the case made by the appellants, that this was an action of replevin commenced before a justice of the peace. The abstract of the record is quite meager, falling far short of a full compliance with the requirements of rule 15. Neither the statement filed by plaintiffs before the justice nor an epitome of it anywhere appears in the abstract. There is no abstract of the motion to affirm the judgment, nor of the application for the rule on the justice (R. S., sec. 6336), nor of the affidavits filed in support thereof or in opposition thereto. It does, however, appear that the judgment of the justice against the plaintiffs and the surety on the replevin bond in favor of Sarah J. Roberts was affirmed. The plaintiffs appeal.

I. The plaintiffs complain that, upon the *prima facie* case made in their affidavit, the trial court should have made a rule on the justice to correct his record or show cause why the same should not have been done. It is a sufficient answer to this objection to state that the affidavits are not before us, and we cannot say whether they make out a *prima facie* case or not.

We must presume that they did not, for aught that appears on the record before us. How can we tell whether the affidavits of the appellants were sufficient to satisfy the court that the return of the justice was substantially erroneous or defective? R. S., sec. 6336. This was a matter resting largely in the discretion of the court; and its action in that regard is the subject of review by us only in cases of manifest abuse. Every presumption must be indulged in favor of the correctness of the action of the court in the absence of anything in the record showing to the contrary. There is nothing in the record before us to meet and overcome this presumption.

II.   The plaintiffs further contend that the verdict and judgment of the justice was in favor of a single *defendant*, while the judgment of affirmance is in favor of the *defendants*. This was a technical error, but it was as harmless as technical. The jury, upon a trial on the merits, found the right of property and the possession thereof was in the defendant, Mrs. Roberts, at the commencement of the suit. It nowhere appears from the abstract that there was any judgment rendered by the justice for or against the husband. We are told in the statement of counsel that the husband did not live with the wife, and was not a resident of the state. He was made a party on the application of the plaintiffs and his appearance entered. The evidence, it is further stated, showed the property in dispute to have been the separate statutory property of the wife. The husband was not a necessary party to the action if such was the fact. It was not harmful to the plaintiffs that there was no judgment for or against the defendant husband in the case. We are prohibited by the statute from reversing a judgment on appeal or writ of error when the error complained of does not materially affect the merits. R. S., sec. 2302.

We shall, therefore, affirm the judgment of the circuit court. All concur.