WALTER S. BURRIS, d. b. a., *vs.* ROBERT H. TAYLOR, p. b. r.

JUSTICES OF THE PEACE—APPEAL—CERTIFICATION OF TRANSCRIPT.

Under *Rev. Code* 1915, § 4036, providing that in appeals from justice's courts to the Superior Court, the appellant shall deliver a duly certified transcript, which, under *Section* 3987, must be certified under his hand and seal, the judge must subscribe his name in his own handwriting.

(<em>February</em> 4, 1918.)

Judges CONRAD and HEISEL sitting.
*Reuben Satterthwaite, Jr.*, for appellant.
*Levin Irving Handy* for respondent.
Superior Court, New Castle County, January Term, 1918.

APPEAL from a Justice of the Peace, No. 117, January Term, 1918.

Action before a justice of the peace by Robert H. Taylor against Walter S. Burris. Judgment for plaintiff, and defendant appeals, and plaintiff moves to strike off the appeal. Motion allowed.

The certification of the transcript of the docket of the justice bore his typewritten signature instead of his signature in his own proper handwriting. Counsel for respondent contended that the transcript so certified was not such as is required by the statute.

HEISEL, J.:—*Section* 4036, *Code* 1915, provides that in appeals from justices of the peace to this court, the appellant shall "deliver a duly certified transcript of all the docket entries in the case to the prothonotary," etc. For this purpose appellant must obtain a transcript from the justice of the peace, which transcript, as provided in *Section* 3987, the justice must "certify under his hand and seal."

*Section* 3987, *Id.*, also provides that this transcript, when so certified, shall be received as evidence in any court in this state. This is not a case of any individual so acting as to bind himself by estoppel or otherwise from denying his signature, but is a duty imposed by the statute upon a public official. We think the intent of the statute was that a justice of the peace, when certifying under his hand and seal a transcript of his docket entries, should subscribe his name in his own handwriting. This not having been done, the certificate is fatally defective and the appeal must be dismissed.