## PETER HAUPTMANN TOBACCO COMPANY v. HENRY UNVERFERTH, Appellant.

### Division Two, May 26, 1921.

1.  Justice ' Court: Attachment: Entrance of Appearance.   Where a defendant, sued by attachment in a justice of the peace court, took an appeal to the circuit court from a judgment rendered against him by the justice, he thereby entered his appearance in the case in that court and was in court for all the purposes of his case in the circuit court, even though in the latter court he attempted to appear specially in a motion to discharge the garnishment and dismiss the case, and after it was overruled at-

Hauptmann Tobacco Co. v. Unverferth.

tempted to appear specially in a plea in abatement. After he had entered his appearance by taking such appeal, these motions were utterly futile for the purpose of attacking the jurisdiction of the justice court over his person or his property brought before that court by garnishment under the writ of attachment.

2. ———: ———: Jurisdictional Amount: Voluntary Credit: Tort. Where plaintiff's claim, in a suit before a justice of the peace, is based upon a tort, the jurisdiction of the justice court is determined by the amount of the demand as filed, and it is immaterial that the plaintiff's loss exceeded in amount the limit of the justice's jurisdiction. The filing of the claim is a voluntary credit of all in excess of its amount and a waiver by plaintiff of his right to recover therefor, to which defendant cannot object.

3. ———: ———: Evidence. In a suit by attachment based upon the ground that the damages sued for arose from the commission of a felony, where it appeared from the evidence that defendant was head stableman for plaintiff and lived over plaintiff's stables; that he was used to receiving money from plaintiff's drivers and placing it for safe keeping in sealed envelopes in a safe in the office of the plaintiff's stables where he worked and to which he had access at all times; that on the occasion in question he had received money and checks in excess of $500 and put them in the safe; that he was the only one present having keys to the inner door of the safe; that a vicious watch dog was loose in the stables at night that would not permit strangers to enter; that the regular watchman was on duty from five o'clock in the evening before until after five o'clock the next morning and did not leave the premises during the night, and saw no one except defendant about the place, but did see him come down to the office about five o'clock on the morning the money was missing, which was an hour earlier than he usually came; that a police officer saw defendant about six-forty-five in the morning trying to open the safe and afterwards saw him running away from the stables and asked him what was the matter and he said that the money was gone; that defendant gave several reasons for opening the safe; that his rooms were searched but none of the money was found. *Held*, that there was sufficient evidence to make a case for plaintiff both on the merits and on the attachment.

## Certified from St. Louis Court of Appeals.

AFFIRMED.

*Anderson, Gilbert & Hayden* for appellants.

(1) The justice never acquired any jurisdiction over defendant or his property because there was no valid process. (a) No provision is made whereby one justice can issue a writ returnable before another justice, and such a writ is void. Secs. 7420, 76 40, R. S. 1909. (b) Powers of justices and the manner of. exercising the same are minutely prescribed by the statutes, and if a justice of the peace exercises any power or issues any writ for which he is not specifically given authority by the statutes, and even though he has power to issue the writ if it is not issued in the mode prescribed by the statute, it is void. Brownfield v. Thompson, 96 Mo. App. 341-2; Busholtz v. Ins. Co., 176 Mo. App. 467; Davidson v. Schmidt, 256 Mo. 19. (c) Void process cannot be amended because there is nothing there to amend. Therefore the attempt of the plaintiff herein to amend the void affidavit and writ which was issued on June 4, 1914, by filing a new affidavit on June 18, 1914, is a nullity. Owens v. Johns, 59 Mo. 90; Corrigan v. Morris, 43 Mo. App. 461; Stave Co. v. Whitson, 34 Mo. App. 659; Natl. Bank v. Griffith, 192 Mo. App. 445, 446. (d) Any proceeding under void process is a nullity and has no legal effect. Schell v. Leland, 45 Mo. 293. (e) The writ issued October 1, 1914, conferred no jurisdiction because in attachment suits, service must be had of the writ of attachment prescribed. Sec. 7640, R. S. 1909. (f) And the statute does not authorize the appointment of a special constable to serve process in an attachment suit. This authority is limited to ordinary summons cases. Sec. 7424, R. S. 1909; Mitchell v. Shaw, 53 Mo. App. 653; Huff v. Alsup, 64 Mo. 51.; Fletcher v. Wear, 81 Mo. 524; Manguld v. Donley, 89 Mo. 111; Huff v. Shepard, 58 Mo. 245. (g) The affidavit filed on June 4, 1914, is void and no attachment could issue thereon. Norman v. Horn, 36 Mo. App. 419. (h) Where the justice court acquired no jurisdiction the circuit court ac-

quires none on appeal. Nane v. McHugh, 187 Mo. App. 713.; Trust Co. v. Merritt, 158 Mo. App. 657-8. (i) Taking of an appeal does not cure or waive defective service or want of service. Lively v. Lumber Co., 194 S. W. 742; Swezea v. Jenkins, 186 Mo. App. 431; Meyer v. Ins. Co., 184 Mo., 481. (j) The writ issued September 1, 1914, was the first valid writ issued and as there was no service on either defendant or garnishee under that writ, neither defendant nor his property was ever under the court's jurisdiction. Huff v. Shepard, 58 Mo. 245; Natl. Bank v. Griffith, 192 Mo. App. 444. (2) The evidence showed that the amount involved exceeded the jurisdiction of the justice. Admittedly the amount of cash missing exceeded $500. Plaintiff has sued for $500, but has not on its statement made a *remittitur.* Where a claim is for over $500 a voluntary credit is necessary to give the Justice jurisdiction. Trapp v. Mersman, 183 Mo. App. 512. (a) This is true even though the judgment rendered is in the jurisdiction of the justice. Guhman v. Dunaway, 183 Mo. App. 659. (3) The findings of the court both on the plea in abatement and merits are without evidence to support them.

*D. J. O'Keefe* for respondent.

(1) The original writ of attachment and summons issued by the justice court was not void but merely erroneous, which was properly corrected by amendment on motion of plaintiff. (a) Attachment proceedings in justice courts authorized by statutes. Secs. 7636, 7639, 7654, 2328, R. S. 1909. (b) Power of justice court to allow plaintiff to file amended affidavit and to amend the court's own writs, summons or other proceedings is fully authorized by the statutes of Missouri, and the same may be amended in the circuit court on appeal. Secs. 2341, 7466, 7540, 1848, 1850, R. S. 1909; Musgrave v. Mott, 90 Mo. 107; Burnett v. McCluey, 92 Mo. 235; Boulware v. Railroad, 79 Mo. 495; Avery v. Good, 114 Mo. 295;

Maurer v. Phillips, 182 Mo. App. 446; Martin v. Castle, 182 Mo. 230. (2) The question of the court's jurisdiction over the person of defendant is fully established both by the record in the justice court and the voluntary appearance of defendant in the circuit court. Secs. 2329, 7568, 7579, R. S. 1909; Meyer v. Ins. Co., 92 Mo. App. 392; Winer v. Maness, 94 Mo. App. 162; Wenker v. Thompson, 96 Mo. App. 59; State ex rel. v. Mosman, 112 Mo. App. 547; Boulware v. Railroad, 79 Mo. 494; Advertising Co. v. Castleman, 265 Mo. 351; Advertising Co. v. Castleman, 165 Mo. App. 578; Kronski v. Railroad, 77 Mo. 368. (3) The findings and judgments of the court on the plea in abatement and the merits are clearly supported by the evidence and the law. Deering & Co. v. Collins, 38 Mo. App. 80; Milling Co. v. McWilliams, 121 Mo. App. 319. (4) This being an action in trover for the wrongful conversion of property, the statement filed before the justice and the amended statement filed in the circuit court settles the question of the jurisdiction of the court, and it is immaterial if the evidence shows a conversion of a sum in excess of the amount sued for. Am. & Eng. Encyc. of Law, pp. 652, 653; Borden v. Hornsby, 50 Mo. 238; Denny v. Eckelkamp, 30 Mo. 140, 141; Sec. 7615, R. S. 1909; Bank v. Tracy, 141 Mo. 252; Snow v. Pollard, 84 Mo. App. 286; Leet v. Gatz, 124 Mo. App. 394; Lincoln Tr. Co. v. Nathan, 122 Mo. App. 319; Guhman v. Dunaway, 183 Mo. App. 661.

DAVID E. BLAIR, J.—Appeal from the Circuit Court of the City of St. Louis to the St. Louis Court of Appeals. The judgment of the circuit court was there affirmed and the case was certified here as being contrary to a previous decision of the Springfield Court of Appeals in the case of Lively v. Munal-Jones Lumber Company, 194 S. W. 741.

Statement.

The opinion of the St. Louis Court of Appeals was by REYNOLDS, P. J., and was reported in 207 S. W. at page 283. We content ourselves with making reference

to the case as there reported for a full statement of the facts and the opinion of the court. In brief, plaintiff (respondent here) instituted suit by attachment before Robert Walker, a justice of the peace of the City of St. Louis, against defendant for $500 for money of the plaintiff alleged to have been taken by the defendant from a safe belonging to plaintiff. Defendant was in the habit of receiving money from plaintiff's drivers and placing it for safe keeping in sealed envelopes in said safe which was in the office at the stables of the plaintiff where defendant worked as head stableman. Defendant lived with his family over the stable and had access to the office and safe at all times. He reported the loss of the money and it was thereafter charged that he took the money and checks amounting to something over $600.

The demand in the suit filed was for $500, the limit of the money jurisdiction of the justice court. The checks amounted to about $100. A garnishment was issued on said attachment and served upon two banks, one of which was the Broadway Savings Trust Company, which answered that it had in its possession the sum of $918.72 as the property of the defendant.

The writ of attachment was issued on a form in which the name of Charles S. Luce, another justice of the peace in the same district, was used instead of the name of Robert Walker, the justice of the peace who issued the writ. Return to this writ was made by the constable showing service on June 4, 1914, by delivering a true copy to defendant and by summoning the Broadway Savings Trust Company and the Northwestern Bank as garnishees. The garnishment against the Northwestern Bank was subsequently dismissed.

When the error in naming Justice Luce was discovered, an amended writ was issued on June 18, 1914, correcting said error. This writ was dated and made returnable on the same dates as the original writ, to which writ constable made the return that he served it

on defendant June 4, 1914, and summoned the Broadway Savings Trust Company as garnishee. Thereafter and on September 1, 1914, the justice issued a new writ of attachment and summons returnable September 18, 1914, to which the constable made a *non est* return as to defendant and that he served the attachment by attaching money of the defendant in the hands of the Broadway Savings Trust Company. On October 1, 1914, the justice issued his alias writ to a special constable, commanding him to summon defendant to appear October 15, 1914, to which writ such special constable made return under oath that he served the summons by leaving a true copy thereof at the usual place of abode of the defendant with a member of his family over fifteen years of age. On October 15, 1914, the justice rendered judgment against defendant by default in the sum of $500. It does not appear whether judgment was rendered against the garnishee. After the rendition of such default judgment in the justice court, defendant appealed the case to the circuit court.

In the circuit court the defendant filed his motion to discharge the garnishment, setting out that he appeared therein solely for the purpose of the motion. This motion detailed the proceedings before the justice of the peace, which we have only briefly outlined above, and averred that the proceedings in the justice court were null and void and that the justice was without jurisdiction and prayed for a release of the garnishment and that the judgment in the justice of peace court be set aside and that the action be dismissed. This motion was overruled by the circuit court. Thereupon defendant filed his plea in abatement, stating that he appeared specially and only for the purpose of his plea in abatement and under protest, etc. The plea in abatement was tried first and resulted adversely to defendant. The trial of the case on the merits resulted likewise and judgment was entered against the defendant for $500. Motions for a new trial and in arrest of judgment in the

attachment proceedings and on the merits were over-
ruled and the defendant has appealed.

I. The main contention of defendant is that the
justice of the peace acquired no jurisdiction of his person
or his property because there was no valid process; that
the original writ of summons and at-
tachment was void because returnable
before another justice than the justice
issuing same; that such void process
could not be amended; that the writ of October 1, 1914,
conferred no jurisdiction on the justice; that the statute
does not authorize the appointment of a special constable
to serve process in attachment suits and that therefore
service thereunder on the defendant was a nullity; that
where the justice court acquired no jurisdiction the cir-
cuit court acquired none on appeal and such appeal does
not cure defective service or want of service.

*Justice Court: Appeal: Appearance: Jurisdiction.*

The Court of Appeals sustained the action of the
trial court and held that by going to trial on the merits
the defendant lost the benefit of his plea to the juris-
diction of the justice over his person and refused to
determine the validity of the attachment, because that
question was deemed not material for the reason that
defendant had given bond covering the personal judg-
ment rendered against him.

The opinion of that court recites its rulings in the
case of Powell v. Railway Co., 178 S. W. 212, wherein
it had previously held that defendant in that case waived
his right to challenge the jurisdiction of the justice court
by taking an appeal to the circuit court, and further
recited that said Powell case had been certified to the
Supreme Court, where it was still pending at that time.

In the case of Cudahy Packing Company v. Chicago
& Northwestern Railway Co., No. 21471, handed down
in April, 1921, Division One of this court in an able and
exhaustive opinion by JAMES T. BLAIR, J., reviewed all
the cases in this State on the vexed question of the effect
of the taking of an appeal from the justice court to the
circuit court and, with the concurrence of all the judges

of that division, held that the taking of such an appeal by the defendant "constitutes such an appearance as to waive defects in or absence of summons or service." By his appeal from the justice court the defendant entered his appearance in the case in that court and he was in court for all purposes of his case in the circuit court. It made no difference whether he went to trial on a plea in abatement or on the merits or made default after his motion to discharge the garnishment and for dismissal of the case had been overruled. After he had entered his appearance by taking such appeal these motions were utterly futile for the purpose of attacking the jurisdiction of the justice court over his person or his property brought before that court by garnishment under the writ of attachment.

II.   Another question raised by defendant and one not discussed in the opinion of the Court of Appeals is that the amount involved exceeded the jurisdiction of the justice court.   The amount of cash ——: Amount missing exceeded $500 and no voluntary Sued For: Voluntary Credit: credit was given on the claim.   To support Jurisdiction. this contention defendant cites the case of Trapp v. Mersman, 183 Mo. App. 512.   The action there was based on a note on which an amount in excess of the jurisdiction of the justice was due and it was held that the written instrument and not the memorandum of plaintiff as to the amount claimed determined the jurisdiction of the justice court; that such memorandum did not amount to a voluntary credit on the note, so as to bring it within the jurisdiction of the justice.

In the case before us the action is based on tort and not on a written instrument. The jurisdiction of the justice court is determined by the demand. It is immaterial that plaintiff's loss may have been in excess of $500. Plaintiff is permitted to waive recovery for a part of its loss, if it wishes. The defendant is in no position to object to such reduction. [Burden v. Hornsby, 50 Mo. 238.]

III.   Defendant contends there was no evidence to support the judgment of the trial court, either on the merits or upon the attachment.   It is unnecessary to set out the evidence at length, because it is fully reviewed in the opinion of the Court of Appeals. It tends to establish that defendant received the money exceeding $500 and put it in a safe under his control and that he was the only one present having keys to the inner door of the ˙safe.   The regular watchman was on duty from five o'clock the evening before until after five o'clock the next morning and did not leave premises during the night.   There was a vicious watchdog loose in the stables at night that would not permit strangers to enter.   This watchman saw defendant come down to the office at about five o'clock on the morning the money was missing.   This was an hour earlier than he usually came down stairs.   The watchman saw no one except defendant about the place.   A police officer saw defendant at 6:40 or 6:45 in the morning trying to open the safe and afterwards saw him running south away from the stables and asked him what was the matter, and defendant stated that the money was gone.   Defendant gave several reasons for opening the safe.   Search of his rooms was made, but none of the money was found.   The Court of Appeals held that there was sufficient evidence to make a case for the plaintiff to submit to the trier of the facts.   We agree with that court that there was sufficient evidence to make out a case for plaintiff.   The same evidence which entitled the plaintiff to have the case submitted on the merits was sufficient on the plea in abatement on the ground that the damages for which the action was brought arose from the commission of a felony.   The findings of the trial court conclude the matter.

Finding no error in the record, the judgment of the trial court is affirmed.   All concur.