GEORGE P. NORTON, RESPONDENT, v. ALMA C. GIFFIN, APPELLANT.*

Kansas City Court of Appeals.   July 6, 1926.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 1081, n. 4; Evidence, 22CJ, p. 1010, n. 31; Justices of the Peace, 35CJ, p. 717, n. 13.

*D. E. Bird* and *George P. Norton, pro se,* for respondent.

*A. W. Edwards* for appellant.

ARNOLD, J.—This is an appeal from an order made in Division 6 of the circuit court of Jackson county, Mo., affirming the judgment of a justice of the peace.

This proceeding was begun on November 20, 1924, by the filing by plaintiff in the court of W. J. Cairns, a justice of the peace, of the following statement:

''Plaintiff states that defendant is indebted to him for money had and received and for services performed, at the request of the defendant, to-wit:   Money had and received, $125; for services performed at the request of the defendant and in his behalf, $250; total $375; that the same has been due since December 1, 1921, and has been demanded.

"Wherefore plaintiff prays judgment against the defendant in the sum of $375 and interest thereon at the rate of six per cent per annum since December 1, 1921.

"(Signed) : GEO. P. NORTON,

"Plaintiff."

Thereafter and on the same day plaintiff filed his affidavit and bond in attachment therein. On January 15, 1925, the attachment proceeding was terminated by stipulation wherein it was agreed that the writ of attachment be dissolved upon the payment by defendant of all costs to date. On January 30, 1925, the cause was tried on its merits and judgment rendered for plaintiff, all parties appearing. An affidavit and recognizance for appeal to the circuit court of Jackson county were prepared and filed, but the date of such affidavit for appeal and the filing thereof are in dispute.

The transcript of the judgment of the justice of the peace was filed in the office of the clerk of the circuit court of Jackson county, Missouri, on February 2, 1925; and on May 6, 1925, plaintiff filed his motion to affirm the judgment charging that more than two terms of the circuit court had elapsed without any notice of appeal being served on plaintiff who contends that the appeal from the justice court was filed on January 31, 1925, instead of January 30, 1925. The motion to affirm the judgment of the justice of the peace was sustained and judgment was rendered accordingly and this appeal was taken from such order.

In connection with the hearing on the motion to affirm, on May 13, 1925, the court made an order on the justice of the peace before whom the cause was originally tried, to change the transcript, affidavit and recognizance, and requiring a change of the date and approving of the bond from the 30th to the 31st of January, 1925; and the justice, under the order of the court, scratched out the figure 30 in the affidavit and recognizance for appeal, and also the figure 30 in the transcript, so that the affidavit, recognizance for appeal and the transcript, as shown by the photographic copies of record, all read 31st instead of 30th.

Section 2907, Revised Statutes 1919, provides as follows:

"If the appellant shall fail to give such notice at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee."

And section 2905, Revised Statutes 1919, provides:

"If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has

been taken from the judgment therein specified.'' The section further provides the manner of serving such notice.

It is defendant's position that an appeal from the judgment of the justice of the peace was taken on the day of the rendition of the said judgment, to-wit, January 30th, and therefore, under the provisions of section 2905, no notice of appeal was necessary. Plaintiff contends that the appeal was not taken until January 31, 1925, and that notice was necessary. The point in dispute, therefore, is whether the appeal from the justice's court was taken on January 30th or January 31st.

The evidence in behalf of plaintiff shows that counsel for defendant on May 4, 1925, came to plaintiff's office and attempted to serve notice of appeal; that plaintiff then told defendant's counsel the notice was three days late; that defendant's counsel asked waiver as to time and the request was refused; that on May 6, 1925, plaintiff filed his motion to affirm and serve notice to that effect. There was then a dispute as to the date the appeal was taken. The matter came up for hearing before the court and the affidavit for appeal and bond was found to show upon its face that it was executed on January 31, 1925. The certified copy of the transcript of judgment shows that defendant had filed her affidavit and recognizance for the appeal on January 30, 1925; after the evidence was heard the court ordered the date changed from the 30th to the 31st, as shown on the face of the affidavit for appeal.

The evidence shows that there had been three changes from January 31st to 30th made in the dates on the appeal papers from the justice of the peace, but the date on the affidavit and recognizance had not been so changed but remained as originally written, to-wit, January 31, 1925. On said hearing the court found that the appeal, in fact, had been taken on January 31, 1925, instead of January 30th, as shown by the altered records, and that plaintiff was entitled to have his motion to affirm sustained, which was accordingly done.

It is urged in support of the appeal that the court erred in not making a rule on the justice of the peace to produce in open court his original docket and entries therein, upon the objection of defendant that such docket is the best evidence, being original entries. We are unable to agree with defendant that this position is tenable. Section 2727, Revised Statutes 1919, provides a justice of the peace shall keep a docket in which shall be entered (1) the title of the cause, (2) time when process is issued and the particular nature thereof; (3) time when parties appealed; (4) nature of plaintiff's demand; (5) every adjournment and at whose instance; (6) time when trial was had and the particulars thereof; (7) the verdict and when reached; (8) the judgment rendered and time thereof; (9) time of issuing execution, the fact of an appeal having been made and allowed and when.

It was held in Cabanne v. Spaulding, 14 Mo. App. 312, that a justice may have a clerk make the entries. The testimony herein shows that the records of the justice before whom the case was tried were kept by his clerk. The original papers were introduced in evidence, hence there was no error in the ruling of the court refusing to require that the docket be produced, in the absence of any request therefor. Dockets may be amended to conform with the facts. [Rohrbough v. Reed, 57 Mo. 292.] This being true, there was no error in permitting the justice and his clerk to testify as to the correctness of the dates on the transcript, especially in the light of the showing that the records had been tampered with and changed.

This ruling answers all of defendant's arguments as to the admission in evidence of the testimony of the justice of the peace and his clerk relative to the changes in the records. Under the provisions of section 2899, Revised Statutes 1919, it was clearly within the power of the circuit court to compel the justice of the peace to amend his defective records. This section reads:

"Whenever the court is satisfied that the return of the justice is substantially erroneous or defective, the court may, by rule and attachment, compel him to amend the same." [Hill v. Patterson, 34 Mo. App. 169; Smith v. Chapman, 71 Mo. 217; Rowe v. Schertz, 74 Mo. App. 602.] Action under this section rests within the sound discretion of the trial court, and its action will not be disturbed on appeal unless it clearly appears that such discretion has been abused. [Ryder v. Roberts, 48 Mo. App. 132.] In the case at bar there is no showing that the trial court abused its discretion in this respect. We find no reversible error of record and the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.