STATE OF MISSOURI EX REL. MORRIS BUILDING & INVESTMENT CO. ET AL., RELATORS, v. HON. DARIUS A. BROWN, JUDGE CIRCUIT COURT OF JACKSON COUNTY, RESPONDENT.—72 S. W. (2d) 859.

Kansas City Court of Appeals. May 21, 1934.

*George Halpern* for relator.

*Ryland, Stinson, Mag & Thomson* for respondent.

BLAND, J.—This is an original proceeding in prohibition. To the petition for the writ respondent made a return, to which return relators filed a reply. Thereafter, respondent filed a motion for a judgment on the pleadings.

The facts, as disclosed by the pleadings, show that respondent is one of the judges of the Circuit Court of Jackson County; that on August 1, 1933, and prior thereto, relator, Morris Building & Investment Company, was the owner of a certain apartment building located in Kansas City; that on that day the property was sold at public sale made in the foreclosure of a deed of trust thereon; that Alvin J. Lorie and Adele H. Lorie were the purchasers of the property at the trustee's sale; that the deed of trust contained a provision making the mortgagor, or those in possession of the property, tenants of the purchasers and requiring any one in possession to surrender the same within ten days after the trustee's sale. In due time the purchasers were given a trustee's deed and, thereafter, they made a written demand upon relator, Morris Building & Investment Company and the relator, S. E. Townsend, its agent in charge of the property, for the possession of the property, which relators refused.

On January 9, 1934, Alvin J. and Adele H. Lorie, filed a complaint of unlawful detainer against relators in a justice of the peace court. A summons, purporting to be signed by said justice, was issued returnable on January 14, 1934. Service was had upon both relators on the same day, to-wit, January 9, 1934. On said January 9, 1934, Alvin J. and Adele H. Lorie, filed a petition for *certiorari* in the Circuit Court of Jackson County, to remove the cause from the justice court to the circuit court. The writ of *certiorari* was issued out of the circuit court and directed to the justice demanding him to stop all further proceedings in the cause and to certify a complete transcript of his docket and the proceedings to the circuit court. On the same day an instrument labeled "Transcript of Judgment," purporting to be signed by the justice and having attached a copy of the writ of *certiorari*, the complaint in unlawful detainer, the summons from the justice court and the return of the constable of his service thereon, was filed in the circuit court. On January 9, 1934, the justice was out of the State and his court was not in session. Service the summons from the justice court was not made upon relators prior to the filing in the circuit court of plaintiffs' petition for the removal of the cause and the writ of *certiorari* was not served on them. Neither the

summons nor the transcript from the justice court, purporting to be signed by the justice was, in fact, drawn or signed by him, but they were prepared by and his name signed thereto by his clerk.

The cause was assigned to the division of the circuit court over which respondent presides. At the trial thereof relators attacked the jurisdiction of the circuit court and also went to trial upon the merits. A jury was waived and the case was tried by the court, resulting in a judgment that relators were guilty of unlawful detention of the property and judgment was rendered against them for the restitution of the premises and for damages in double the sum of $88 per month, the rental value of the property.

The motions for a new trial and in arrest of judgment filed by relators were overruled and a writ of execution and restitution was issued. This writ was about to be executed when the petition for a writ of prohibition was filed in this court.

It is insisted that the circuit court acquired no jurisdiction over the cause under the writ of *certiorari* because (1) Service of the summons of the justice court was not made upon relators prior to the attempted removal of the cause to the circuit court by *certiorari*. (2) The writ of *certiorari* was not served upon the justice, and (3) The justice did not certify the transcript. It will be noted that there is no claim but that the summons was issued before the writ of *certiorari* was sued out.

Justices of the peace have exclusive original jurisdiction in forcible entry and detainer and unlawful detainer actions (Section 2449, R. S. 1929). Relators call our attention to what was said by this court in Purcell v. Merrick, 172 Mo. App. 412, 417, 418, in reference to actions in forcible entry and detainer, as follows:

''The law applicable to actions for forcible entry and detainer constitutes a special and preclusive code and unless its mandatory requirements be rigidly complied with in the justice court neither the circuit court, to which the cause is removed by *certiorari* nor the appellate court on appeal acquires jurisdiction of the subject-matter.''

In view of this statement of the law it has been held that where there is no complaint filed before the justice that he acquires no jurisdiction. [McQuoid v. Lamb, 19 Mo. App. 153.] In Schwoerer v. Christophel, 64 Mo. App. 81, it was held that where an unlawful detainer proceeding is appealed to the circuit court and the defendant fails to appear, only that judgment expressly authorized by the statute, under such circumstances, could be entered.

Section 2483, Revised Statutes 1929, reads as follows:

''The proceedings under this article may be removed into the circuit court of the county by *certiorari*, to be issued by the clerk and served on the justice at any time after the service of summons or

making publication as provided for in this article, and before the day of trial.''

Section 2490, Revised Statutes 1929, reads as follows:

''When a *certiorari* shall be served on the justice before the day of the trial, and not otherwise, he shall stay all further proceedings, and certify to the circuit court of the county a complete transcript of his docket and all proceedings had before him, together with the original papers filed in the cause, and file the same in the office of the clerk of the circuit court within ten days after the service of the *certiorari*.''

The Springfield Court of Appeals in Jackson v. Black, 286 S. W. 410, held that service of summons or publication might be waived in the justice court and that such is waived by the entry therein of defendant's general appearance to the suit.

In the case of Gary Realty Company v. Swinney, 306 Mo. 592, the proceedings in unlawful detainer had been removed to the circuit court by writ of *certiorari*. There were several defendants in the case, but it was removed by one defendant, alone, upon whom the summons had been served, and by another defendant upon whom service had not been had, joining in the petition for the writ. The court held that the removal to the circuit court by the defendant who had been served operated as a removal of the entire cause. Speaking of the party, who had not been served, but who joined in the petition for the writ and the other defendants not served with summons, but who appeared in the circuit court, the Supreme Court, said, l. c. 616, 617:

''Defendant, LeDoux by joining with A. LeMarquand in the application for the writ of *certiorari* waived service of summons, as did also the defendants Kelly and Bonfils by their voluntary appearance in the circuit court and answering to the merits.''

The court disapproved of the holding of that court in the case of State ex rel. v. Trimble, 297 Mo. 104, relative to waiver of service of process, stating:

''In any event, its holding, that in an unlawful detainer action service of process on the defendant, or notice to him by publication, in the manner prescribed by the statute, is a requisite of jurisdiction as to subject-matter, and cannot therefore be waived by the voluntary appearance of the defendant, is so anomalous that it cannot be treated as a precedent.''

So, while it is true that justice courts have exclusive original jurisdiction in unlawful detainer actions and the circuit court can obtain jurisdiction only by *certiorari* or appeal and unless the mandatory requirements of the statute are strictly complied with, the circuit court acquires no jurisdiction of the subject-matter, still, it is quite apparent from the two cases last cited that, in some instances, at least, service of process can be waived in either the justice or the circuit court.

The facts in the case at bar are somewhat different from those in the Jackson and Gary Realty Company cases and, while they are perhaps not authority, within themselves, to justify the holding in this case that the general appearance of the relators in the circuit court constituted a waiver of the provisions of Section 2483, requiring that service of the justice court summons be had upon the defendants in the unlawful detainer action prior to the removal of the cause to the circuit court on *certiorari*, yet, we see no reason why such action should not act as such a waiver. Section 2452, Revised Statutes 1929, being a part of the statute relative to forcible entry and detainer and unlawful detainer, expressly provides for the service of summons upon the defendant, or publication, and if the provisions of that section can be waived by the general appearance of the defendant, there is no reason, there being a case actually pending before the justice, why the matter of the mere regularity of the suing out of the writ, such as the time it may be sued out relative to the service of the summons of the justice, as provided by Section 2483 may not likewise be waived or cured by the general entry of the parties in the circuit court. [Hays v. Laclede Christy Clay Products Co., 245 S. W. 196; Kronski v. Mo. Pac. Ry. Co., 77 Mo. 362; Hauptmann Tobacco Co. v. Unverferth, 288 Mo. 52.]

While, it is true that Sections 2483 and 2490 provide for the service of the writ of *certiorari* upon the justice, there was no reason for such service in view of the fact that, in obedience to the writ, the justice or his clerk, in his behalf, filed in the circuit court, the transcript required by the statute. [McBane v. The People, 50 Ill. 503; The People v. Barnett, 91 Ill. 422.]

We do not think that it was necessary for the justice, personally, to have certified to the transcript. Section 2388, Revised Statutes 1929, provides for justices' clerks in townships such as the one involved in the case at bar. It was said in Carter v. Exposition Co., 124 Mo. App. 530, 537: "When we speak of a justice's clerk, we refer, of course, to no officer known to the law, but merely to an amanuensis of the justice. A justice of the peace is regarded as his own clerk, and in making entries on his docket he acts in a ministerial capacity." In Tyree v. Midwest Envelope Co., 215 Mo. App. 630, 637, we said: "There is nothing known technically as a clerk of a justice; the justice is regarded as his own clerk, and a judgment entry is regarded as the act of the justice although it may be by the clerk." There is no question but that ministerial, as distinguished from judicial, acts may be performed by the clerk. This includes the power to make records of the proceedings and also transcripts. [11 C. J., pp. 886, 887; Carter v. Exposition Co., supra, l. c. 537, 538; Cabanne v. Spaulding, 14 Mo. App. 312, 313, 314; Norton v. Griffith, 221 Mo. App. 834, 837; Huff v. Shepard, 58 Mo. 242, 245; State ex rel. v. Sheppard, 192 Mo. 497, 513, 514.]

We think that the certification of a transcript is no less a ministerial act than the making of the transcript itself, and the justice's clerk has the power to do both.

A ministerial act is defined as ''one which a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority, and without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed.'' [State ex rel. v. Mier, 143 Mo. 439, 447, 448.] See, also, State ex rel. v. Cook, 174 Mo. 100, 118, 119, 120. In obeying the writ of *certiorari* in unlawful detainer the justice exercises no discretion. He cannot refuse the removal of the case and must certify up a transcript. In this case, the proceedings in the justice court are not attacked in any manner. There is no point made that the compaint was not in due form, that it was not filed before the proper justice, or that the writ of *certiorari* was not in proper form. The statute provides for removal of unlawful detainer proceedings from the justice to the circuit court and the points urged by the relators are purely technical, going solely to the regularity of the removal of the cause.

Even if the clerk had no power or authority to affix the name of the justice to the transcript the relators by their general appearance in the circuit court waived such defects. An attack on appeal upon the certification of the justice to the transcript was made in the case of Lewis v. Hazel (Del.), 4 Har. 470. It was said by Chief Justice BOOTH in that case, l. c. 475, that:

''If the court never had jurisdiction, the appeal will be dismissed in any stage of the cause. But any irregularity or defect in the process, or other form of proceeding by which cognizance of a case is given to a court of which it possesses original or appellate jurisdiction, may be waived by the party for whose benefit such process or form of proceeding is required. If he does not take advantage of the irregularity or defect at the earliest period, he is considered as having waived it. In the present case, if the respondent chose to avail himself of the want of a scroll to the justice's certificate of the transcript, he was bound to make the objection at the term to which he was summoned to appear, or before he did any act, from which a waiver could be implied. Neglecting to do so; and having pleaded to the declaration and gone to trial, the defect has been waived. It is an admission by him, that the transcript is in proper form; and operates as an estoppel against his alleging otherwise.''

In the case of Burris v. Taylor, 30 Del. 87, cited by relators the certificate of the justice was defective. In the case at bar the certificate is in proper form, the complaint merely going to the right of the clerk to make it. Also, in the Burris case the question of waiver was not involved. We have examined the cases of Wertheimer v. Howard, 30 Mo. 420, and Chi. R. I. & Pac. v. Franks, 55 Mo. 325,

cited by relators. In the former case it was held that the issuance of an execution, and in the latter, the granting of an appeal, by a justice are not ministerial but judicial acts. In both of these cases it is said that the acts of the justice of the peace from the beginning to the end of the suit, including the issuance of the execution, are judicial and not ministerial. However, this broad language must be confined to the nature of the acts of the justice there under consideration. The holding that the mere issuance of an execution is a judicial act is perhaps contrary to the great weight of authorities in this country, but we have nothing to do with that in this case.

We have examined the case of Gossett v. Devorss, 98 Mo. App. 641, cited by relators. In that case it was held that the record disclosed that the writ of *certiorari* was actually issued before the service of the summons of the justice. No question of waiver was involved.

It is true, as claimed by relators, that jurisdiction of the subject-matter cannot be waived, but the circuit court has jurisdiction of unlawful detainer actions removed thereto by writ of *certiorari*. The attack upon the removal of the case at bar merely goes to the question of its regularity. Such irregularities as appear, we have held, may be cured by the appearance of the parties in the circuit court. So it is our opinion that the question of jurisdiction over the subject-matter is not involved.

We have examined the case of Laumeier v. Sun Ray Products Co., 50 S. W. (2d) 640, and like cases cited by relators and find them not in point. In that case it was held that, where the allegations in the petition were such that they conferred no jurisdiction upon the court at all, that such jurisdiction could not be waived. Of course, that situation is not comparable to the one in the case at bar.

From what we have said it is unnecessary to go into the question as to whether prohibition is the proper remedy in a case of this kind, in any event.

The preliminary writ is quashed and the proceedings dismissed. All concur.